## DENNIS SHEEN TRANSFER CO., INC., v. MERTZWEILER

---

(December 16, 1929. Opinion and Decree.)

---

Beard & O'Keefe, and Alvin R. Christovich, of New Orleans, attorneys for plaintiff, appellee.

R. W. Leche, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff is the owner of a truck and trailer which was in collision, at the corner of Laurel and Dufossat Streets, with a Ford Model "T" touring car owned by the defendant and operated by his employee. The truck and trailer were on Dufossat Street going towards the river. The Ford car was going down Laurel Street, which, under the ordinance, is a right of way street.

The evidence convinces us that the truck and trailer, after having come to a stop before proceeding into the intersection, had started across and that the truck had entirely crossed the street, when the Ford car crashed into the rear end of the trailer when that end was at a point very near the center line of Laurel Street. The testimony of the driver of the Ford is very unsatisfactory and shows conclusively that the accident resulted from his unwillingness to slow up his car or to stop when he saw the other vehicle crossing in front of him. It is very probable that he, in his hurry, did not notice there was a trailer attached to the truck. The testimony convinces us that he was not carefully looking ahead, but was waving to someone in a barber shop on the side of the street. While he would have had the right of way had the two vehicles entered the intersec-

tion at approximately the same time, the other had not only entered the intersection, but was almost across, when he ran into its rear end.

Defendant argues that since plaintiff failed to produce as witnesses certain negro employees who were riding on the trailer, the presumption follows that their testimony would be harmful to him.

Ordinarily such a presumption follows the failure to produce witnesses, but in this case this would create a mere presumption which would not be sufficient, as the positive testimony convinces us of the gross carelessness of the driver of defendant's car.

The amount allowed by the trial court was $138.50. The defendant objects that this is more than sufficient to compensate plaintiff for the damage actually sustained. We are quite convinced, however, that the trial court allowed the correct amount.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.