CHRIS T. BARNETTE, Judge pro tem.
The statement of the case is accurately made in plaintiff-appellant’s brief and we adopt it for our own with minor changes.
Frank J. Bakewell, plaintiff-appellant, filed suit against Lucien Fernandez and his automobile liability insurer, Marquette Casualty Company, for damages as a result of personal injuries sustained in an automobile accident which occurred on the afternoon of April 16, 1963, at the intersec *711 tion of North Rocheblave and Governor Nicholls- Streets in the City of New Orleans.
Defendant Fernandez was driving plaintiff home from work in Fernandez’s 1956 Pontiac proceeding south on North Roche-blave. Upon entering its intersection with Governor Nicholls (at which there were no traffic control signals and neither street was favored over the other), his vehicle was struck on the right front by the 1950 Buick of one Robert Krauss, who was traveling on Governor Nicholls in the direction of the lake, causing plaintiff to be knocked out of the right front seat of Fernandez’s vehicle and to be seriously injured.
Defendants Fernandez and Marquette Casualty Company answered the suit, denying liability for the accident. Coupled with their answer was a third-party petition against Robert Krauss, the other driver.
The case came on for trial on March 31, 1964. Inasmuch as the third-party petition had never been served, the court dismissed it as of nonsuit without prejudice. Testimony from the plaintiff and his attending physician was taken and plaintiff rested. Defendants had no witnesses; in fact, defendant Lucien Fernandez did not appear in court at all. The trial judge ruled from the bench that plaintiff’s testimony did not “back up” his allegations of negligence on the part of Fernandez as a proximate cause of the accident. Accordingly, the main demand was dismissed.
Plaintiff applied timely for a new trial on the ground that the court was in error in its ruling that positive proof of negligence against defendant was not presented. Defendant Fernandez entered the intersection allegedly without yielding the right of way to the Krauss automobile approaching from the right. Plaintiff relies on this for prima facie proof of negligence. He further contends that the trial court was in error in its failure to find that the absence of defendant Fernandez from the trial and failure to testify in his own behalf creates a positive presumption that his testimony, if adduced,' would be detrimental to his case. Appellant also complains on appeal that the court-should have granted a new trial and allowed him to call the defendant Lucien Fernandez as a witness under cross-examination.
Plaintiff has appealed from the final judgment dismissing his suit and from the refusal of the court to set a hearing on plaintiff’s application for a new trial.
There is no testimony in the record of any witness to the accident except the plaintiff. His host driver, defendant herein,, did not testify and was not present in the courtroom at any time during trial. Krauss, the driver of the other car, could not be found. Plaintiff very frankly admitted that he was paying no particular attention but that he did see a large green truck parked at the corner of the relatively narrow street intersection which could have obstructed the view of both drivers. He was totally unaware of the presence or proximity of the Krauss vehicle until the very moment of impact. He expressed confidence in the driving skill of his host and makes no complaint except that his host was charged by law with the duty of yielding the right of way to the Krauss vehicle, approaching the intersection at the same time from his right, and his failure to do so as required by LSA-R.S. 32:121, subd. B (Acts 1962, No. 310, § 1), which reads as follows, constituted negligence:
“When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
The cases involving questions of liability arising out of similar situations are entirely too numerous to warrant an attempt to mention more than a few which clearly set forth the rationale applied here. The following, all cited by plaintiff, are well selected: Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 *712 So.2d 465 (1963); Scott v. Glazer, 164 So. 2d 185 (La.App. 4th Cir. 1964); Whittington v. Gully, 164 So.2d 57 (La.App. 4th Cir. 1964); Glass v. Toye Brothers Yellow Cab Company, 160 So.2d 329 (La.App. 4th Cir. 1964); Cieutat v. Boutee, 152 So.2d 861 (La.App. 4th Cir. 1963); La Furia v. Tarver, 86 So.2d 232 (La.App. 1st Cir. 1956).
In the absence of any explanation or contradictory testimony, it is evident from the fact that the two vehicles collided in the center of the intersection that they .approached and entered the intersection at the same moment. The physical fact that defendant’s (Fernandez) car was struck on the right side near the front indicates that Fernandez, plaintiff’s host, might have entered the intersection a hare split second ahead of the Krauss vehicle. This is not sufficient to create a preemption in favor of Fernandez. Glass v. Toye Brothers Yellow Cab Company, supra, and numerous cases cited therein.
Whittington v. Gully, supra, a very recent opinion by this Court, contains a discussion of the rationale involved here although the facts there are quite different. In that case there was no question of negligence on the part of Miss Whittington, who was in the driver’s position comparable to Fernandez in the instant case. The street she entered was a right-of-way street with a “Stop” sign posted on the cross street. This case has no relevancy to the instant case except to the extent that this Court clearly restated the law regarding preemption in the following language:
“ * * * Before he can successfully rely on pre-emption, the motorist must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way without requiring an emergency stop by the other vehicle. The entry into the intersection just a fraction of a second ahead of the other vehicles does not create a pre-emption. * * * ” (Citing numerous cases.)
The failure of the defendant Fernandez to testify is a circumstance to be considered. Since Krauss could not be found, Fernandez was the only person other than plaintiff who had any knowledge of the accident. It must be assumed that Fernandez, the driver of the car, was keeping a closer lookout than his passenger and could give some explanation of the circumstances which caused the collision. He was a defendant, subject to control of his attorneys who saw fit not to call him or have him present in the courtroom. This creates a presumption unfavorable to defendant. Defendants’ counsel seeks to justify failure to call Fernandez on the theory that a prima facie case had not been made out by the plaintiff and cites Coker v. Nola Cabs, 81 So.2d 65 (La.App. Orleans 1955). He states in his brief that “The Coker case involved an identical factual situation as. the instant matter, * * This is an erroneous interpretation of that case. In the Coker case this Court not only found that the plaintiff had failed to make out a prima facie case, but it also found other facts which abundantly proved plaintiff’s contributory negligence. This Court did recognize in that case the “well-established” principle of unfavorable presumption resulting from failure to call a witness available to a party.
The other cases cited by defendants are all cited and discussed by this Court in the Coker case. All of them support the principle enunciated but for various factual reasons did not apply the rule. In Dennis Sheen Transfer Co., Inc. v. Mertzweiler, 12 La.App. 49, 125 So. 188 (cited in the Coker case and in defendants’ brief), it was held that the presumption which follows failure to produce a witness is not sufficient to overcome positive testimony. In the instant case the only testimony is that given by plaintiff which strongly indicates a failure on defendant’s part to yield the right of way.
*713 Hennessy v. Daigle, 11 La.App. 474, 123 So. 900, cited by defendants and mentioned by this Court in the Coker case, held:
“The presumption [from failure to call witness] * * * is created, where it appears that an effort is being made, by not calling witnesses present or accessible to the party, to conceal some fact that they know better or more about * *
Procell v. Peerless Insurance Company, 137 So.2d 447 (La.App.2d Cir. 1962), cited by defendants, is not apposite to the factual situation in the instant case. In the Procell case, the failure to call defendant Page (who was present in the courtroom), did not create an unfavorable presumption because the facts developed in the trial failed to establish the negligence of Page’s employee. Therefore the asserted admission of liability, which Page was alleged to have made, could not have benefited the plaintiff. What little testimony we have before us in the instant case is inconclusive, but at least sufficient to require an explanation from Fernandez,
The plaintiff was under no obligation to subpoena the defendant Fernandez, who had answered the petition and denied the allegations of negligence. He was reasonable in assuming that Fernandez would be present for trial. If he was caught by surprise, he could have moved for a continuance if he intended to rely upon cross-examination of Fernandez. Before submitting his case, he could have asked that it be held open for cross-examination. He did not see fit to do either and took his chances on the belief that he had made out a prima facie case.
Assuming arguendo, without deciding that plaintiff has made out a prima facie case, we are of the opinion that he has placed the defendant Fernandez in a position which the interest of justice requires him to explain and that the trial judge was in error in not granting the motion for a new trial under LSA-C.C.P. arts. 1971 and 1973 for the purpose of cross-examination of Fernandez.
We believe this to be a situation in which no injustice will be done, but on the contrary the truth necessary to a just decision can be ascertained by a remand for further proceedings. Therefore we exercise the authority conferred upon us by LSA-C.C.P. art. 2164 and render judgment accordingly.
The judgment appealed from is annulled and set aside and the case is remanded to the trial court for further proceedings with right of plaintiff-appellant, Frank J. Bakewell, to call for cross-examination the defendant Lucien Fernandez and without prejudice to either defendant to (rail: such additional witnesses as may be necessary. Costs of this appeal are to be paid by defendants-appellees, all other costs, to be paid in accordance with final judgment.
Annulled and remanded.