LEMMON, Judge.
Defendant appeals from an adverse judgment on a suit on open account for premiums due on certain insurance policies issued to him.
The issue on appeal is the abuse of discretion in denying the continuance requested by defendant’s attorney.
Suit was filed on July 19, 1968 and timely answered. Plaintiff immediately filed a motion placing the case on the call docket.
*668 On January 26, 1970 a notice fixing the cause for trial, fifth on the docket on February 16, 1970, was mailed to counsel for both parties. The notices in the record contain no addresses, nor are there any returns of service on the notices. It is un-controverted that counsel for defendant changed his office address after filing the answer.
No further action was taken until the date scheduled for trial. The first four cases were continued, at least three being continued for the second time. When the present case was called as fifth on the docket, counsel for defendant moved for a continuance on the ground that he had received notice only twenty minutes prior to the time scheduled for the hearing. As a second ground, he noted that defendant was engaged in a previously scheduled trial on the same day. The motion was denied. Counsel then moved to withdraw from the case, which motion was also denied.
Plaintiff then called the only witness, its president, who simply identified ten ledger sheets of debits and credits and testified that the account was true and correct. Counsel for defendant did not cross-examine the witness nor present any defense witnesses. Judgment was rendered in favor of plaintiff.
 The trial court has general discretionary power to grant a continuance if there is good ground therefor. LSA-C.C. P. art. 1601. When good ground isstated in a motion for continuance and the motion is denied, the reviewing court must examine all of the surrounding circumstances in order to determine if the motion was made in good faith or only for purposes of delay. Each case must stand or fall on its own peculiar facts, a balance always being sought between the denial to a party of his day in court and the prejudice to the other party by the delay involved. Of further important consideration is the effect of excessive continuances on court dockets and the resulting effect on the administration of justice.
In this case no prejudice to the plaintiff would occur by holding over this brief trial for a short period of time. The only witness was located in the City of New Orleans.
On the other hand, defendant stated two good grounds for his motion. Had the ground of thd previously scheduled trial been urged in advance of the trial date, he undoubtedly would have been entitled to a continuance. But the early urging of this motion was prevented when counsel failed to receive the notice of trial.
The trial judge primarily based his denial on the fact that notices of trial were sent, although not received by defense counsel. However, LSA-C.C.P. art. 1571 states:
“The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
“(1) Require adequate notice of trial to all parties; * * * ” (Emphasis added)
This is a minimum requirement of due process in order to insure an opportunity to be heard.
Rule 10, Section 6 of the Rules of the Civil District Court for the Parish of Orleans, State of Louisiana, provides:
“The Clerk shall mark on the docket the day on which the cases are assigned for trial, and said cases, with the names of Counsel engaged therein, shall be posted on the Bulletin Boards of the Division to which they belong before 10:30 A.M. of the Monday following the assignment. No other notice of such assignment shall be required.”
We find that this provision does not satisfy the requirements of adequate notice.
A review of the record convinces us that counsel for defendant did not receive notice until shortly before the begin *669 ning of the trial and that the motion for continuance was made in good faith rather than for purposes of delay. With all circumstances considered — the first request for continuance, the failure to receive notice, the defendant engaged in a previously scheduled trial, the continuing of the first four cases, the absence of substantial harm to the adverse party, the obvious harmful result to the defendant, the fact that no witnesses are inconvenienced by the delay, the absence of evidence of trifling with the court or with the administration of justice —we are of the opinion that affording a litigant his day in court in this case outweighs any detrimental effect of a reasonable delay.
We hasten to emphasize that this decision is not to be construed as condoning indiscriminate granting of continuances, which is more often the abuse of discretion.
The judgment appealed from is annulled and set aside, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The assessment of costs will await final disposition of the case.
CHASEZ, J., dissenting with written reasons.