SANDERS, Justice.
 

 Plaintiff, an insurance agency, brought this action seeking to recover premiums due on insurance policies issued to the defendant. On February 16, 1970, the day fixed for trial, defense counsel moved for a continuance. The district court refused to delay the trial and, after hearing the evidence, entered judgment for the plaintiff in the sum of $1,022.73.
 

 The Court of Appeal, Fourth Circuit, reversed, holding that the district court erred in denying the continuance. 244 So.2d 667. On application of plaintiff, we granted certiorari, primarily in order to review the court’s action invalidating Rule 10(6) of the Orleans Civil District Court Rules, governing notice of trial. 258 La. 355, 246 So.2d 679.
 

 After a review of the record, we find that the Court of Appeal erroneously acted upon a text of Rule 10(6) superseded in 1967, before the present trial. We conclude that, on the facts before us, a consideration of the amended rule is unnecessary. The only substantial question is whether or not the trial judge erred in denying defendant a continuance of the scheduled trial.
 

 The plaintiff sued on July 19, 1968. The defendant, an attorney, was personally served on August 7, 1968, and through an associate in his law office, filed an answer on September 10, 1968. The answer consisted of a general denial.
 

 Plaintiff moved to place the case on the call docket on September 12, 1968. The case was inactive from that date until January 26, 1970, when the minute clerk mailed notices of a February 16 trial date to all attorneys of record.
 

 The defendant himself appeared on the morning of the trial and asked that the case be continued. When the court denied the motion, he was granted a recess in order to contact his attorney of record. Counsel soon arrived and reurged a continuance on two grounds:
 

 (1) That he (counsel) had not received the mailed notice and had learned of the pending trial only that morning; and
 

 
 *182
 
 (2) That the defendant himself was required to be in another section of court that day as an attorney in another case.
 

 Neither of the reasons advanced are peremptory grounds for a continuance under Article 1602 of the Louisiana Code of Civil Procedure. Hence, the granting of a continuance rested within the sound discretion of the trial judge. See LSA-C.C.P. Art. 1601.
 

 The rule is well established that the trial judge has wide discretion in acting upon a motion for a continuance. His ruling will not be disturbed on appeal in the absence of a clear showing of the abuse of that discretion. Wild v. Standard General Realty Co., 177 La. 664, 149 So. 114 (1933); Wall v. Wall, La.App., 230 So.2d 420 (1970); Evans v. Travelers Ins. Co., La.App., 220 So.2d 117 (1969).
 

 It is apparent that defendant’s attorney, changed his address between the filing.of suit and the mailing of notice. He made, no. effort, however, to change his address of record. It may, therefore, be reasonably inferred that the notice was sent to his former address, the defendant’s law offices. The record is bare of any assertion that
 
 defendant
 
 did not receive notice in advance of the day of trial.
 

 The conflict between the trial and defendant’s legal duties in the other section of the court becomes insubstantial when the trial judge’s action is considered. The record discloses that the trial judge contacted the presiding judge of the other section, and he agreed to defer defendant’s legal proceeding until after the trial of the present case.
 

 The record reflects that the present litigation was an uncomplicated suit on an open account. Since the answer was limited to a general denial, it provided no basis for proof of payment or other affirmative defenses. See LSA-C.C.P. Art. 1005; Mochitta v. Lemak, La.App., 165 So.2d 568 (1964). No pre-trial discovery was used. The plaintiff called a single witness to establish the amount of the unpaid account. Neither the defendant nor his attorney cross-examined the witness. The defendant offered no testimony denying the correctness of the account.
 

 Considering all of the circumstances, we find no abuse of discretion.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the trial court in favor of plaintiff and against the defendant is reinstated and made the judgment of this Court. All costs are assessed against defendant.