STOULIG, Judge.
Plaintiff, Jessie T. McMahan, has appealed a judgment against her awarding Terrance H. Betts $500 for personal injuries and also dismissing her main demand without prejudice against Betts when she failed to appear in court on the morning the trial was scheduled. Betts answered the appeal seeking an increase in quantum.
Appellant first complains the trial court erred in denying a motion for continuance urged on her behalf on the day of trial by the law partner of the attorney who filed the suit for her,. The bases of the motion for a continuance were two-fold: (1) that the reconvenor either failed to join or failed to cite and serve mover’s liability insurer, Louisiana Farm Bureau Insurance Company, an indispensable party;[1] and (2) that during the argument mover orally amended the motion to urge the illness of the plaintiff as an additional ground for continuance.
The motion for continuance directed to the issue of the lack of an indispensable party is so vaguely drafted that the court is unable to specifically determine if the complaint is against the failure to join or the failure to effect service of citation on an indispensable party. This condition in either respect is without merit. A reading of the reconventional demand discloses that mover’s insurer, Louisiana Farm Bureau Insurance Company, is a party defendant in the reconventional demand. Testimony adduced during the hearing on the motion and the records of the Civil Sheriff for the Parish of Orleans establish that service of the petition and citation on the insurer were effected through the Secretary of State on July 25,1977. There is prima facie presumption that the service was validly made, which was not rebutted. Lastly, no authority either statutory or jurisprudential has been cited to this court that decrees that a liability insurance carrier is an indispensable party in a tort action brought against an insured.
With reference to the second basis of the motion for continuance — the illness of the plaintiff — we quote the following colloquy between the court and counsel:
“THE COURT
Is the plaintiff sick?
MR. LEWIS
I believe the plaintiff is sick, I don’t
have personal knowledge of him myself.
I can’t say I have a personal knowledge. THE COURT
You have no certificate from a doctor? MR. LEWIS
No sir, there are none here present.”
C.C.P. art. 1601 provides a continuance may be granted for good cause and C.C.P. art. 1672 permits the trial court to dismiss a suit if plaintiff fails to appear on the date of trial. In this ease the attorney seeking the continuance could not tell the court from his own knowledge why the plaintiff did not appear. Simply stating that he thought the plaintiff was sick was not enough. In this area it is recognized the *1229 trial judge is vested with wide discretion and his ruling will not be disturbed unless there is a clear showing he abused this discretion. The record amply supports the trial court’s refusal to grant appellant’s motion for continuance and its dismissal of plaintiff’s motion without prejudice is justified. Sauce v. Bussell, 298 So.2d 832 (La.1974).
The trial court did permit defendant Betts to go forward with his reconventional demand. The negligence issue hinged on which driver failed to stop for a red light at the intersection. Based on the testimony of defendant and one witness, the trial court concluded Betts entered the intersection on a green light and the collision occurred when plaintiff, Jessie McMahan, who failed to stop in obedience to the red signal committed actionable negligence. Our review of the record discloses no manifest error in this conclusion.
As to quantum, we also affirm. Prom Betts’ testimony, it does not appear he sustained injuries of any consequence. No doctor appeared to testify on his behalf, and reeonvenor submitted his injury claim on the Mercy Hospital emergency room records[2] and his own testimony. His own statements indicate he suffered minor discomfort at the most.
Reconvenor answer the appeal seeking in addition to an increase in the award of general damages, legal interest from the date of judicial demand (which the trial court apparently inadvertently omitted), medical expenses and legal costs. Under C.C.P. art. 1921, reconvenor is entitled to legal interest of 7% from the date of judicial demand until paid and to this extent the judgment of the trial court is amended.
In connection with the medical expenses, reconvenor testified that he did not pay or owe these charges and had no knowledge by whom they were paid. His attorney’s statement in answer to the court’s inquiry does not constitute valid evidence to support the amount of the charges or sustain that they were rendered in connection with the treatment of the injuries. The trial court properly refused to admit these medical bills and permitted counsel to tender them as a proffer.
For the reasons assigned the judgment appealed from is amended to decree that reconvenor, Terrance H. Betts, is awarded legal interest of 7% from the date of judicial demand until said judgment is paid. And in all other respects the judgment of the trial court is affirmed. All costs of these proceedings at the trial and appellate levels are to be borne by defendants in reconvention.

AMENDED AND AFFIRMED.

. The Motion for Continuance recites:
“On motion of plaintiff through counsel suggesting to the court that counsel believed that Farm Bureau Insurance Companies was a party to the suit, that said insurer is an indispensable party, for plaintiff claims that said insurer insured her against liability in this suit on the reconventional demands; It is ordered that the trial of this matter be continued from January 30, 1978, to_”

. The emergency room report reflects no tenderness on palpatation of the left knee and elevation of shoulder, slight tenderness in lower lumbar spine. Reconvenor testified injury to his knee and shoulder cleared in a few days; he received three heat treatments for his back and he lost a day and a half of work.