GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff Patricia Dinvaut Gautier a separation a mensa et thoro and temporary custody of the issue of the marriage, subject to reasonable visitation, maintaining a checking account in which defendant deposited funds for alimony and support, enjoining both parties from disposing of community funds, ordering that a dental bill be paid from joint funds and that the balance of those funds then be divided between the parties, and enjoining either party from withdrawing certain funds held in 1^he name of the issue of the marriage. Both counsel stipulated to all points, but for the grant of the separation. From that judgment which we affirm, Stanley J. Gautier appeals.
On appeal, the main issue presented is “Did the trial judge abuse his discretion by failing to grant a continuance as orally requested by defense counsel on the date of trial?” We conclude that the trial judge’s denial of the motion was not an abuse of discretion.
After three continuances, the trial on the main demand was set for September 12. In the interim, the defendant was voluntarily *584 committed for psychiatric treatment at the V.A. Hospital. On the day of the trial, counsel for the defendant arrived late and then informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial, if he was not in better condition than he had been on the previous day. The day before trial, counsel had interviewed his client and had found the defendant to be in an irrational state. No written motion for a continuance was filed. The trial court allowed plaintiff to put on her case in chief and granted judgment.
In McMahon v. Everyday Plumbing Co., 368 So.2d 1227 (App. 4th, 1979), this court reviewed a similar situation, stating as follows:
“C.C.P. Art. 1601 provides a continuance may be granted for good cause and C.C.P. Art. 1672 permits the trial court to dismiss a suit if plaintiff fails to appear on the date of trial. In this case the attorney seeking the continuance could not tell the court from his own knowledge why the plaintiff did not appear. Simply stating that he thought the plaintiff was sick was not enough. In this area it is recognized the trial judge is vested with wide discretion and his ruling will not be disturbed unless there is a clear showing he abused this discretion. The record amply supports the trial court’s refusal to grant appellant’s motion for continuance and its dismissal of plaintiff’s motion without prejudice is justified. Sauce v. Bussell, 298 So.2d 832 (La.1974).” At 1228-1229.
Likewise, in Sauce v. Bussell, supra, the Louisiana Supreme Court addressed the question of continuances:
“Article 1601 C.C.P.
‘A continuance may be granted in any case if there is good ground therefor.’
* * * * * He
It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of clear showing of abuse of that discretion. Article 1601 C.C.P.; Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). While recognizing the much discretion which is vested in a trial judge in the matter of granting or refusing continuances, it has never been held that such discretion is absolute or that it may be exercised arbitrarily. This Court is vested with the right and duty to correct such errors by the trial judge in matters of this kind. However, it should be pointed out that appellate courts only interfere in such matters with reluctance and in what are considered extreme cases. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630 (1935); Lindsey v. Escude, 189 So.2d 465 (La.App.1966); Chedotal v. Richard, 183 So.2d 665 (La. App.1966).
We consider this an extreme case . . ” (emphasis added) At 834.
We conclude that there is no clear showing that the trial judge abused his discretion by failing to grant a fourth continuance. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.