401 So.2d 692 (1981)
Adrian GAUTHIER, Plaintiff-Appellant,
v.
HELMERICH & PAYNE DRILLING CO. and Hartford Accident & Indemnity Company, Defendants-Appellees.
No. 8266.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1981.
*693 John T. Bennett, Marksville, for plaintiff-appellant.
Trimble, Randow, Percy, Smith, Wilson & Foote, James T. Trimble, Jr., Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, Adrian Gauthier, sued his employer, Helmerich & Payne Drilling Company (Helmerich) and its insurer, Hartford Accident & Indemnity Company (Hartford), for workmen's compensation benefits. The trial court found the plaintiff to be temporarily totally disabled from the date of his injury, March 29, 1980, through October 8, 1980, but rejected his demands for penalties and attorney's fees. Plaintiff appealed seeking total permanent disability and attorney's fees. Hartford answered the appeal contending the trial court erred in concluding that the plaintiff was disabled beyond August 13, 1980.
The issues on appeal are: (1) Whether the plaintiff is entitled to temporary total disability or is entitled to permanent total disability; (2) whether the trial court erred in rejecting the plaintiff's demands for penalties and attorney's fees; (3) whether the trial court erred in refusing to reopen the case for additional medical evidence; and (4) whether the trial court erred in refusing to grant the plaintiff a new trial.
On March 29, 1980, plaintiff was injured while engaged in a course and scope of his employment with Helmerich when he slipped, and fell and was struck on the head by a board. Plaintiff was wearing a hard hat at the time and, although he was "dazed," he was not rendered unconscious by the accident. He continued to work for his employer until April 1, 1980.
*694 On April 2, 1980, plaintiff was examined by his family physician, Dr. Edmond J. Kalifey. Dr. Kalifey testified that plaintiff's x-rays were normal but he diagnosed a cervical strain. He examined plaintiff again on April 7, 1980, which examination revealed no change and, at plaintiff's father's request, referred him to Dr. C. W. Lowrey, an orthopaedic surgeon in Alexandria. Dr. Kalifey has not examined plaintiff since April 7, 1980.
Dr. Lowrey and his associate, Dr. Weiss, examined plaintiff on three occasions, April 15, May 13, and June 4, 1980. Dr. Lowrey diagnosed a "probable cervical and lumbosacral strain." Plaintiff testified that Dr. Lowrey discharged him because he did all he could do for him.
Plaintiff was also examined by Dr. Homer D. Kirgis, a neurosurgeon in New Orleans, Louisiana, on April 30, 1980. Dr. Kirgis' report reveals that plaintiff had suffered a mild cerebral concussion but had recovered by the time of the examination and that he suffered a straining injury of the neck and back. Dr. Kirgis was of the opinion that "his symptoms will clear in the relatively near future."
Subsequently, on the advice of his brother-in-law, plaintiff was examined by Dr. John M. Patton, a neurosurgeon in Alexandria, Louisiana. Dr. Patton's first examination on June 13, 1980, revealed no neurological abnormalities. However, because plaintiff complained of pain, Dr. Patton had a C-T scan conducted on June 18, 1980. The outcome of this test was essentially normal although it did reveal the possibility of an arteriovenous malformation (AVM), which is a congenital anomaly of the blood vessel and not trauma related. In order to rule out the possibility of an AVM, Dr. Patton had plaintiff undergo a four vessel cerebral angiogram on July 11, 1980; the results were completely normal.
On July 29, 1980, Dr. Patton's office was contacted by Hartford and, through his secretary, informed Hartford that plaintiff could return to work. This was confirmed by a letter from Dr. Patton to Hartford on August 25, 1980. Dr. Patton confirmed his earlier opinion the last time he examined plaintiff on September 20, 1980.
Prior to trial, plaintiff moved to be examined by a court-appointed physician. The motion was granted and the court appointed Dr. S. R. Abramson, a general practitioner, who examined plaintiff on October 8, 1980, the day before the trial of this case. Dr. Abramson testified that there was no serious pathological findings, that plaintiff experienced no pain during the examination and could return to work.
Plaintiff testified that strenuous activity produces headaches and pain in his arm and neck. He cannot mow his grass or work in his garden. This was harmonious with the testimony of Leroy Ardoin, plaintiff's brother-in-law.
The trial court concluded that plaintiff was totally disabled from the date of the accident through October 8, 1980, the day Dr. Abramson examined him. Plaintiff contends that the trial court erred in not finding him to be disabled after October 8, 1980.
It is well settled that a person is totally disabled if he would be subjected to substantial pain on returning to work. However, the employee must prove such disabling pain to a legal certainty and fair preponderance of the evidence. Whether or not he has carried this burden must be determined from the totality of the evidence, including both medical and lay testimony. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Guidry v. Ford, Bacon & Davis Const. Corp., 376 So.2d 352 (La.App. 3rd Cir. 1979); Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 (La.App. 3rd Cir. 1973).
In the instant case plaintiff was examined by two general practitioners, two orthopaedic surgeons and two neurosurgeons. None of these physicians could find any basis for the plaintiff's complaints after July 29, 1980. Dr. Patton, a neurosurgeon, saw the plaintiff five times and conducted extensive tests including x-rays, C-T scan and a angiogram. He concluded that plaintiff could return to work at least by July 29, *695 1980, without enduring substantial pain. Dr. Abramson, the court appointed physician, confirmed Dr. Patton's diagnosis upon his examination of October 8, 1980. There is neither medical evidence nor convincing lay testimony that the plaintiff could not return to work after July 29, 1980.
Although we are mindful that the determination of disability must be made from the totality of the evidence, including both medical and lay, great weight, almost to the point of exclusion of other evidence, should be given to uncontradicted medical evidence. Tantillo v. Liberty Mutual Insurance Company, supra; Johnson v. Fireman's Fund Ins. Co., 389 So.2d 1139 (La. App. 3rd Cir. 1980).
While we are reluctant to reverse the trial judge on this factual issue it is our duty to do so when he is clearly wrong. The appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We hold that the trial court was manifestly in error in concluding that plaintiff was disabled beyond the time Hartford terminated the compensation payments on August 13, 1980. Accordingly, the judgment will be amended so as to award workmen's compensation benefits only up to that date.[1]
The plaintiff contends that he is entitled to statutory penalties and attorney's fees because of Hartford's allegedly arbitrary and capricious refusal to pay travel expenses of the plaintiff. We disagree. The record reveals that Hartford made two payments of $46.60 and $13.60 as travel expenses. Although plaintiff's attorney sent a letter to Hartford requesting payment of travel expenses at the rate of sixteen cents per mile, there is no evidence that the plaintiff provided Hartford with information advising them of the number of trips made or miles traveled. Under these circumstances, we cannot say that the trial court was clearly wrong in holding that Hartford's failure to pay travel expenses was arbitrary and capricious.
The plaintiff also contends the trial court erred in refusing to reopen the case to allow the testimony of two physicians, who examined the plaintiff after the trial, to be admitted or to grant a new trial. We disagree.
The decision whether to reopen a case for production of additional evidence after all parties have rested is within the sound discretion of the trial court and, unless there has been a showing of abuse of discretion, the trial court's decision will not be disturbed on appeal. Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir. 1979), writ ref'd 380 So.2d 72 (La.1980); Roman v. Broussard, 255 So.2d 135 (La.App. 3rd Cir. 1971). We find no abuse of discretion by the trial court in the instant case. Likewise, the trial court was not in error in refusing to grant the plaintiff's motion for new trial. Plaintiff has already been examined by six physicians. The plaintiff cannot say that he did not have the opportunity to obtain the medical testimony he desired before trial. See: Skipworth v. McElroy Metal Mill, Inc., 353 So.2d 1069 (La.App. 2nd Cir. 1977).
For the above and foregoing reasons, the judgment of the trial court is amended to award the plaintiff, Adrian Gauthier, benefits for temporary total disability beginning March 29, 1980 through August 13, 1980. In all other respects the judgment of the trial court is affirmed. The costs of court in the trial court and of this appeal are taxed against the plaintiff-appellant, Adrian Gauthier.
AMENDED AND AFFIRMED.
NOTES
[1] Although we find that plaintiff was not disabled beyond July 29, 1980, we are granting benefits through August 13, 1980 because Hartford, by answer to the plaintiff's appeal, only contests that part of the trial court's decision awarding benefits after that date.