407 So.2d 799 (1981)
Gerald A. HEAP
v.
WEBER CONSTRUCTION COMPANY OF LOUISIANA, INC., and Douglas E. Weber, d/b/a Weber Companies.
No. 12185.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1981.
*800 Adams & Reese, Frank M. Adkins, Michael D. Allday, New Orleans, for plaintiff-appellee.
Fiasconaro & Fiasconaro, Paul S. Fiasconaro, New Orleans, for defendants-appellants.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Defendant Douglas E. Weber appeals suspensively, and defendant Weber Construction Company of Louisiana, Inc., appeals devolutively from a district court decision in favor of the plaintiff, Gerald A. Heap, and against the defendants, individually, jointly and solidarily, in the sum of $12,490.89, with judicial interest from date of demand. The judgment also decreed that attorney fees be awarded in favor of the plaintiff and against the defendants, individually, jointly and solidarily, in the sum of $500.
The facts of the present case were accurately summarized by the district court judge in his written reasons for judgment:

*801 "This is an action in quanti minoris to reduce the purchase price paid for a home, which was purchased by plaintiff, Gerald A. Heap, from the defendant, Weber Construction Company of Louisiana (hereinafter `the seller') on March 6, 1978. Heap alleged that the seller and Douglas E. Weber d/b/a Weber Companies (hereinafter `Weber') were guilty of negligently manufacturing and constructing the roof on the said house, which caused several leaks to develop and caused damage to several of the inside walls, the downstairs bathroom and other miscellaneous items. After advising the defendants of the problems incurred, Weber agreed to install a sheet metal cap over the top layer of bricks, which plaintiff contends substantially subtracted from the appearance of his home. The house continued to suffer extensive leakage through the roof; and later, on or about June 29, 1978, the house began to suffer from extensive leakage through all the windows on its Wheat Street side. Defendants were notified of this new problem and allegedly promised to send out a waterproofer to cure the problem. Instead, the brother of defendant Weber, Fred Weber, was sent out with a can of silicone and commenced spraying the plaintiff's home with same.
"Later, additional leakage occurred in the upstairs bedroom windows. Petitioner contacted the defendant Weber of continuing leakage in response to which Fred Weber again appeared at plaintiff's home and sprayed additional silicone on the south side of the house.
"In November of 1978, a leak was discovered in the den ceiling near the fireplace. Fred Weber was dispatched to the home; the inspection of the attic which ensued showed rain water running along the seams of the sub-roof and running onto beams and into the den ceiling. Although a roofer was promised to be dispatched to Heap's home, one did not appear to correct the defects.
"On or about December 3, 1978, plaintiff once again experienced severe leakage through the baseboards and window boxing of his home as well as in the den ceiling. Plaintiff, although unsuccessful in communicating with defendants by telephone, sent a certified letter on December 6, 1978, requesting the deficiencies in the house be remedied. Additional damage was sustained by plaintiff, who seeks not only a reduction in the purchase price of the home in the amount of Fifteen Thousand and 00/100 ($15,000.00) Dollars, but also seeks interest at the legal rate on the amount to which he is entitled to have the price of the property reduced."
The defendants allege on appeal that the trial court committed error in refusing to grant the motion for continuance filed by defendants' counsel; by casting judgment against Mr. Weber individually when it was not alleged or proven that there was privity of contract between Heap and Weber individually; in awarding damages that were excessive, and in awarding legal interest from date of judicial demand rather than from date of judgment.
The record reflects that on the day of the trial counsel for the defendants appeared, asking for a continuance, stating his client, Mr. Weber, was not present and that he did not know where he was. He stated Mr. Weber was living out of the country but that he had expected to be contacted by him the previous evening.
LSA-C.C.P. art. 1601 states a continuance may be granted in any case if there is good ground therefor. It has also been established the trial judge has wide discretion in acting upon a motion for continuance and his ruling will not be disturbed on appeal in absence of a clear showing of abuse of that discretion. Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). In the present case, since counsel for the defendants admitted that Mr. Weber was informed of the trial date a month in advance, his unexplained absence on the date of the trial, alone, did not mandate the granting of a continuance by the district court judge, and we can find no abuse of discretion in his refusing to do so.
*802 Neither can this court find, as alleged by the defendants, that the damages awarded by the district court were excessive. H. E. McCoy, the building contractor accepted as an expert by the court, testified in detail regarding the work necessary to correct the water leakage in the plaintiff's home and the damage done by that leakage. One estimate given by him immediately prior to trial, which is also part of the record, sets the total of these repairs at $18,013.25. The district court judge, however, chose to award damages based on an estimate tendered by McCoy a year before, amounting to $12,087.71 in proposed repair work, noting accurately in his reasons for judgment the increase resulted from including in the second estimate a complete "tuck-pointing" job, which, as McCoy testified, might not be necessary to remedy the leakage problem.
Defendants also argue the trial court erred in reducing the purchase price of the home in his reasons for judgment to $62,500.48, rather than to $91,912.29. This court, however, finds such a mistake in notation irrelevant because the amount actually awarded by judgment for reduction in price, $12,087.71, is completely substantiated by the only expert testimony presented in the record.
Neither can this court find that, due to the duty to mitigate damages, the plaintiff's award should be decreased. In the case of Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823 (1968), the court stated the duty to mitigate damages is not applicable where the party whose primary duty it is to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance. As established in the record, the plaintiff regularly made contact with the defendant, through letters, and through Mr. Weber's brother, informing him of the leakage problems, the damage being caused by these problems and giving him the opportunity to repair this defect in the home; consequently, we can see no basis for penalizing the plaintiff for failing to make the needed repairs himself.
Neither can we find merit in the defendants' argument that judicial interest should only run from the date of judgment in a quanti minoris action because such claims are unliquidated and not certain until judgment. Actions in quanti minoris are subject to the same rules as actions in redhibition. LSA-C.C. arts. 2541 and 2542. It has also been held that the receiver of a buyer who brings a redhibitory action was entitled to interest from the date the buyer formally demanded cancellation of the purchase, not only from the date of judgment or date of judicial demand. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978).
Mr. Weber also, on appeal, urges the exception of no right of action as to him personally, doing business as Weber Companies, because, he argues, plaintiff's only claim is against the seller and the contractor and, according to the public records of the Parish of Jefferson, Weber Construction Company of Louisiana was both the owner of the land in the subject suit and the contractor that constructed the improvements on that property in the form of the plaintiff's home. To this exception, the defendants have attached a number of copies of various documents tending to establish the truth of these allegations.
Although this court takes issue with the defendant characterizing his exception as one of no right of action (which refers to the standing of the plaintiff), rather than one of no cause of action in relation to Weber personally, we are aware these exceptions are peremptory in nature and may be pleaded for the first time in an appellate court. Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979). However, this exception may only be pleaded if proof of ground of the exception appears in the record. Lambert, supra. We, therefore, are unable to consider the additional evidence, outside of the record, presented by Mr. Weber to this court, but must confine outselves to whatever proof of his arguments can be found within the boundaries of the trial court record. As noted by the trial court judge in his reasons for judgment, however, in answering the plaintiff's *803 request for admissions, the following statements, numbers 10 and 11, were admitted by the defendants:
"10. That defendants jointly, severally, and in solido warranted unto plaintiff, Gerald A. Heap, that the improvements found upon the property aforedescribed were free of all vices, defects, and deficiencies in construction of said property.
"11. That the defendants jointly, severally, and in solido warranted unto Gerald A. Heap that the residential improvements constructed on the property aforedescribed was free of such vices, defects, and deficiencies in construction thereof that might make use of said property dangerous to the health and property of plaintiff."
Because of the above admissions and the testimony of the plaintiff at the trial on the merits that it was his understanding that Mr. Weber was the contractor of the house, the district court judge was free to conclude that Douglas Weber was in solido liable, along with the corporate defendant, for damages awarded the plaintiff in his action in quanti minoris. If Mr. Weber had evidence available tending to establish that he, personally, should be dismissed as a defendant in the present action, the time for production of such evidence was at the district court level. On examination of the record, alone, we can find no substantial evidence sufficient to overcome Mr. Weber's admissions so that we might grant the mover's exception in this case.
Another argument presented by Mr. Weber is that even assuming he was, individually, the contractor who constructed the subject home, it would be impossible for the plaintiff to maintain an action against him individually because there was no privity of contract between the plaintiff and Mr. Weber. This argument is also ill-founded because in the case of Media Pro. Consult., Inc. v. Mercedes-Benz of N. A., Inc., 262 La. 80, 262 So.2d 377 (1972), the court specifically stated pecuniary loss resulting from an unusable object is recoverable when there is an express warranty without privity, and it further said it could find no adequate reason for not applying the same rule and allowing recovery when there is an implied warranty without privity.
For the reasons assigned, therefore, the district court judgment is affirmed.
AFFIRMED.