BOWES, Judge.
Defendant-appellant, Paul Young, appeals a judgment by the 24th Judicial District Court making executory in Louisiana a judgment of the First Judicial District *369 Court, Harrison County, Mississippi, in the amount of $31,650.79, plus legal interest and court costs rendered in connection with a suit on a promissory note filed by plaintiff against defendant-appellant in the Mississippi court. We affirm.
Plaintiff, Coast Wholesale Supply Company (hereinafter referred to as “Coast”), filed suit in the 24th Judicial District Court on February 23, 1981, praying that a judgment of a Mississippi District Court rendered against the defendant on February 8, 1980, be accorded full faith and credit and be made executory in the state of Louisiana.
After some delay, on June 2, 1981, defendant answered the petition of Coast, alleging that Mississippi was without personal jurisdiction to render such judgment and, therefore, the judgment is null and void and not valid under the full faith and credit clause of the United States Constitution.
Thereafter, this matter was set for trial on April 12,1982, May 26,1982 and November 2, 1982; all these dates were continued at the request of the defendant. The matter was set again for January 21, 1983, at which time counsel for defendant once more sought to have the trial continued due to the continued ill health of his client, suggesting that his client could be deposed in order to move the matter along. The trial judge noted that this case had been before the court for almost two years, that defense counsel was well aware of the health of the defendant, and that counsel had been afforded ample opportunity over the preceding months in which to depose his client. The court remarked further “... you assured me that if I gave you a continuance the last two times that you could get him [the defendant] here.... ” Thereafter, plaintiff was allowed to present his case and judgment was rendered in his favor.
Defendant’s only specification of error on appeal is that the trial judge erred in not giving the defendant a continuance due to Mr. Young’s illness and “thus denied him his right to a trial on the merits of this matter.”
We find this argument without merit. Throughout the almost two years that the case dragged on before the district court, the defendant was represented by the same attorney. That attorney was present and representing his client at the trial on January 21, 1983, therefore we cannot conclude that Mr. Young was denied his right to a trial on the merits. We further note that under Louisiana law and jurisprudence the trial judge has wide discretion in acting upon a motion for a continuance and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. LSA-C.C.P. art. 1601 and 1602, Heap v. Weber Const. Co. of Louisiana, Inc., 407 So.2d 799 (La.App. 4th Cir.1981), Dillard v. Stamm, 400 So.2d 1112 (La.App. 1st Cir.1981), Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). Under the circumstances of this case, we find no abuse of discretion by the trial judge.
Accordingly, we affirm the judgment of the district court. Appellant is to bear all costs of this appeal.
AFFIRMED.