465 So.2d 245 (1985)
Louis DUBEA, Plaintiff-Appellant,
v.
STATE of Louisiana, Through LOUISIANA DEPARTMENT OF CORRECTIONS, and Louisiana Municipality Risk Management Agency, Defendants-Appellees.
No. 84-156.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*246 James T. Lee, Marksville, for plaintiff-appellant.
Provosty, Sadler & deLaunay, Albin Provosty, III, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
Louis Dubea instituted this suit for worker's compensation benefits plus penalties and attorney's fees. After trial on the merits, judgment was rendered in favor of defendants, State of Louisiana, through the Louisiana Department of Corrections, and Louisiana Municipality Risk Management Agency, dismissing plaintiff's demands at his cost. Plaintiff has appealed this judgment.
Plaintiff sets forth the following specifications of error:
1. The trial court erred in denying plaintiff's motion for continuance on the day of trial;
2. The trial court erred in refusing to allow the introduction of a written statement of the plaintiff into evidence;
3. The trial court erred in denying plaintiff's motion for a new trial; and,
4. The trial court erred in not holding the record open for the taking of plaintiff's testimony.

FACTS
The facts of this case are undisputed. Louis Dubea filed this suit for worker's compensation benefits in February of 1982, alleging that he suffered a heart attack on August 22, 1981 while employed as a security guard at Angola State Penitentiary. A trial date was set for May 7, 1982. Prior to this date, defendant filed a dilatory exception of prematurity, which was heard and denied on May 7, 1982. On joint motion of plaintiff and defendant, a continuance was granted and the trial date was rescheduled for January 26, 1983. On January 25, 1983, plaintiff moved for another continuance, alleging that he was unable to obtain certain medical records as of that date. This motion was granted and the trial was once again rescheduled, this time for August 17, 1983.
Plaintiff failed to appear on the day of trial. His absence was unexplained to both his attorney and the court. Plaintiff had contacted his attorney two days prior to the date of trial to inform him that he had moved to Mexico, Missouri, but that he would be present at trial. No further word was received from plaintiff and his attorney was unable to contact him either the day before or on the day of trial. When it became apparent that plaintiff was not going to show up for trial, his attorney moved for a continuance. This was denied by the *247 trial judge as no excuse was offered for the plaintiff's absence. The trial proceeded as scheduled. Five witnesses, including the plaintiff's attorney, testified at the trial. Plaintiff's attorney introduced into evidence the depositions of two doctors, along with 72 other pieces of physical evidence, including medical reports, evaluations from examining physicians and various other correspondences.
At the close of all evidence, plaintiff's attorney moved to hold the record open for 10 days for the introduction of plaintiff's testimony. This motion was denied. Plaintiff's attorney then attempted to introduce into evidence a written statement made by plaintiff to an insurance claims adjuster in lieu of plaintiff's testimony. This statement had not been taken under oath nor could anyone in the courtroom identify it. For these reasons, the trial court refused to admit the statement into evidence. Plaintiff's attorney thereafter offered the statement into evidence by proffer.
Upon finding that the plaintiff failed to prove that he suffered a work-related accident which resulted in a job related injury, the trial court rendered judgment in favor of defendants, dismissing plaintiff's demands at his costs.
Three weeks following the conclusion of trial, plaintiff filed a motion with the trial court to re-open the record. Attached to this motion was plaintiff's affidavit setting forth the reason why he was unable to attend the trial. The affidavit explained that plaintiff encountered automobile trouble on his way down from Missouri and was unable to repair his automobile due to his financial situation. He was also unable to find alternative transportation to Louisiana. This motion was denied.
Plaintiff thereafter applied to this court for writs regarding the denial of the motion to hold the record open and the motion to admit plaintiff's statement into evidence. We denied plaintiff's application for writs on October 6, 1983, our docket No. 83-852.
On November 22, 1983, more than three months after trial, plaintiff filed a motion for a new trial. This motion was denied by the trial court that same day.

MOTION FOR CONTINUANCE
La.C.C.P. Art. 1601 provides that a continuance may be granted in any case if there is good ground therefor. It is well established in our jurisprudence that a trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (La.1972). Weighed against the possibility of injustice, unfairness and inequity which might result from a premature trial, is the effect that a continuance might have on the administration of justice, including congested court dockets, and just as important, a defendant's corollary right to have serious charges against him judicially resolved within a reasonable time. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3rd Cir.1976), writs refused, 329 So.2d 458 (La.1976); Patterson v. Leggio, 347 So.2d 1262 (La.App. 1st Cir.1977).
In support of the contention that the trial judge erred in denying the motion for continuance, plaintiff relies on the case of Sauce v. Bussell, 298 So.2d 832 (La. 1974). In Sauce, the Supreme Court reversed the trial judge's refusal to grant a continuance, holding that the trial judge had abused his much discretion. The motion for continuance in Sauce was based on the fact that the plaintiff had recently undergone an arterial transplant and was physically and emotionally unable to appear on the date set for trial. The plaintiff's physical condition was substantiated by a letter from his physician, which was annexed to the motion for continuance. Additionally, counsel for plaintiff asserted that the plaintiff's testimony was critical, not only to his own case but also to a case consolidated with his. Due to his illness, plaintiff was unable to confer with his attorney in preparation for the trial. Also of significance was the fact that no previous continuance or other attempts to delay the *248 trial procedure had ever been sought by plaintiff.
The Supreme Court in Sauce reasoned that, although the trial judge is granted much discretion in denying continuances, such discretion is not absolute, nor may it be exercised arbitrarily. The court went on to state, "... appellate courts (should) only interfere in such matters with reluctance and in what are considered extreme cases." The court found that the circumstances surrounding that particular case qualified it as one of those "extreme cases."
We find that the present situation does not constitute an "extreme case." None of the extraordinary factors of the Sauce case are present. In this case, no serious illness prevented plaintiff's attendance at trial. There was no reason whatsoever given by counsel in support of the motion for continuance. In spite of plaintiff's absence, counsel for plaintiff was not precluded from presenting his case. Finally, continuances had been granted to plaintiff on two prior occasions.
In McMahan v. Everyday Plumbing Company, 368 So.2d 1227 (La.App. 4th Cir. 1979), the appellate court held that the trial court's refusal to grant plaintiff's motion for continuance was justified in light of the fact that counsel for plaintiff was unable to tell the court from his own knowledge why the plaintiff failed to appear. The court stated that, "simply stating that he thought the plaintiff was sick was not enough." In a similar case, Heap v. Weber Construction Company of Louisiana, Inc., 407 So.2d 799 (La.App. 4th Cir.1981), the court found no abuse in the trial court's refusal to grant a continuance where the plaintiff had been informed of the trial date a month in advance and his absence on the day of trial was unexplained.
We find the present case to be governed by the holdings in McMahan and Heap. Considering the numerous requests for continuances, the lack of a showing that plaintiff's absence was involuntary and plaintiff's failure to inform either the court or his attorney as to his whereabouts on the day of trial, the trial court was justified in refusing to grant the continuance.
Appellant also contends that a continuance was warranted based upon the provisions of La.C.C.P. Art. 1602, which states:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
Appellant asserts that due diligence was exercised on his part in attempting to appear in court on the date scheduled for trial. We need only briefly address this argument since we find a total lack of diligence on plaintiff's part. Not only did plaintiff fail to notify the court or his attorney on the day of trial as to his whereabouts or his predicament, he waited over three weeks before submitting an affidavit to the court explaining why he was unable to attend his own trial. Certainly, this is not the type of "diligence" envisioned by the legislature when it enacted Article 1602. The jurisprudence holds that it is not error to refuse a continuance to a party who has made no genuine diligent attempt to secure the attendance of an alleged material witness. Thompson v. Warmack, 231 So.2d 636 (La.App. 3rd Cir.1970); Scott v. Sears, Roebuck & Company, 406 So.2d 701 (La.App. 2d Cir.1981).
For these reasons, we find no error in the trial court's refusal to grant plaintiff a continuance.

ADMISSIBILITY OF PLAINTIFF'S STATEMENT
Appellant urges that the trial court erred in refusing to allow the introduction in evidence of his statement made to an insurance claims adjuster. In support of this contention, he cites the case of Andrews v. Pine Hill Wood Company, 426 So.2d 196 (La.App. 2d Cir.1982), writ denied, 432 *249 So.2d 267 (La.1983), wherein the court stated:
"... We are compelled by several factors to assess this testimony on proffer. The most significant of these reasons is the cardinarl (sic) presupposition, in workers' compensation cases, that `The court shall not be bound by technical rules of evidence or procedure other than as herein provided....' LSA-R.S. 23:1317. Section 23:1317 reflects the legislature's intent, in compensation cases, to materially relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of the truth and the protection of substantive rights...."
The above quoted portion of La.R.S. 23:1317 omits the following qualification provided therein:
"... but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence...."
In Andrews, the proffered evidence was the testimony of a physician who had examined the plaintiff on five different occasions. Such testimony was subject to cross-examination by the defendant. There was no dispute whatsoever concerning the competence of the evidence. The issue in Andrews concerned whether or not to allow the tardy testimony of this particularly well-qualified specialist. The court decided to allow the testimony because it would shed "clear light on the analysis of other physicians in the case who do not enjoy his special expertise."
A totally different situation exists in the present case. No foundation whatsoever was laid for the introduction of the statement. The plaintiff who made the statement was not present at trial, nor was the claims adjuster to whom the statement was made. The statement had not been made under oath.
Although we agree that the technical rules of evidence are relaxed in worker's compensation cases, the statement in question does not qualify as "competent evidence" as required by 23:1317. While the trial judge has great discretion in worker's compensation cases and is not bound by formal rules of evidence, the courts are not authorized to totally disregard the rules of evidence and rely on evidence that is clearly inadmissible. Williams v. Jahncke Service, 217 La. 1078, 48 So.2d 93 (La.1950); Highstreet v. Regency Apartment Hotel, 337 So.2d 536 (La.App. 4th Cir.1976), writ denied, 340 So.2d 994 (La. 1977). We therefore find that the trial court correctly refused to allow into evidence the clearly inadmissible statement of the plaintiff.

MOTION FOR NEW TRIAL
Appellant's next contention is that the trial court erred in denying his motion for a new trial. In support of his position, appellant refers us to the case of Bakewell v. Fernandez, 169 So.2d 710 (La.App. 4th Cir.1964). In Bakewell, the case was remanded for a new trial for the purpose of receiving testimony of the defendant, who was absent at the original trial.
Bakewell is clearly distinguishable from the present case. In Bakewell, the defendant was not present at trial, nor did he put on any witnesses at trial. The plaintiff presented his case and rested. The trial court ruled against the plaintiff, failing to recognize the unfavorable presumption created against the defendant by his absence. Plaintiff's motion for a new trial was denied by the trial court. The appellate court reversed and granted the plaintiff a new trial, finding that the plaintiff had been severely prejudiced by the failure of the defendant to appear and be cross-examined by plaintiff. In the present case, plaintiff seeks a new trial on the basis of his own failure to appear at trial.
More in point with the instant case is the case of Ford v. Williams, 62 So.2d 838 (La.App. 1st Cir.1953), wherein the defendant was denied a new trial because he failed to appear at trial. The appellate court affirmed the lower court's refusal to grant a new trial stating, "the absence was *250 due entirely to the neglect of defendant and would not warrant the granting of a new trial." Similarly, in the case of Duet v. Montagnet, 169 So.2d 561 (La.App. 4th Cir.1964), the defendant failed to appear at trial without any explanation of his whereabouts. Defendant's attorney proceeded to try the case on his behalf. Judgment was rendered in plaintiff's favor and the defendant moved for a new trial. The appellate court affirmed the trial court's refusal to grant a new trial, stating, "we believe that if a case were to be reopened or a new trial granted every time counsel or a litigant neglected to make appearance in court, it would lead in many, many instances to absurd results."
We similarly find no abuse of the trial court's discretion in denying plaintiff's motion for a new trial based upon his own unexplained absence.

MOTION TO HOLD THE RECORD OPEN
Appellant's final specification of error is that the trial court erred in refusing to hold the record open for the taking of plaintiff's testimony. We find no merit in this contention.
The decision to hold open or reopen a case for the production of additional evidence is within the sound discretion of the trial judge and his decision will not be disturbed on appeal unless abused. La.C. C.P. Arts. 1631 and 1632; Gary v. Dimmick Supply Company, 427 So.2d 33 (La. App. 3rd Cir.1983); Gauthier v. Helmerich & Payne Drilling, 401 So.2d 692 (La.App. 3rd Cir.1981).
We find no abuse of the trial court's discretion in the present case. Plaintiff was given ample notice of the date of trial. He did not attempt to contact either his attorney nor the court on the day of trial to inform them of the reason for his absence. The trial proceeded as scheduled. Based upon the evidence presented at trial, the trial court found that the plaintiff had failed to prove that he suffered a work-related accident which resulted in a job related injury. The medical evidence presented, both by the plaintiff and defendant, was uncontradicted. There was nothing in the evidence to support a claim that appellant suffered a work-related injury. The plaintiff's testimony alone would not have been sufficient to contradict the medical testimony in the record. Although a determination of disability must be made from the totality of the evidence, including both medical and lay testimony, great weight, almost to the point of exclusion of other evidence, should be given to uncontradicted medical evidence. Johnson v. Fireman's Fund Ins. Co., 389 So.2d 1139 (La.App. 3rd Cir.1980); Gauthier v. Helmerich & Payne Drilling, supra.
For the above and foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.