REID, Judge.
This matter is before this court on Application for Writs of Certiorari, Prohibition and Mandamus filed by the defendants, Russel J. Richard, Guy Scroggins, Inc. and Continental Casualty Company. They seek to have the Judge of the lower court grant a continuance in this matter and a stay of all proceedings until this matter could be heard.
The facts show that the plaintiffs filed this suit for automobile damages in which their son, Curtis Chedotal was killed. On November 5, 1965 the case was assigned for trial for February 10, 1966. On December 13, 1965 the discovering testimony of Russel J. Richard, driver of the truck involved and one of the co-defendants was taken and as a result thereof defendants’ attorney learned of additional facts which would tend to absolve his clients from any negligence.
The investigation took approximately one month and as a result thereof the defendant *666 filed Third Party Demands against Toups Equipment Co., Inc. and Southern Machine & Tool Co., Inc. The Trial Judge permitted the Third Party Demand to be filed by an order dated January 20, 1966.
On January 25, 1966 the defendants in this suit filed a Motion for a Continuance based on the fact that with the new information they had discovered they couldn’t adequately prepare the evidence for their Third Party Demand and requested a hearing on the motion because they had been informed that the plaintiffs’ attorney Was going to object to a continuance.
On January 29, 1966 the defendants’ attorneys were advised by the Clerk’s Office of Ascension Parish that the Motion for a Continuance had been denied even though a hearing had not been had.
Subsequent thereto defendants’ attorneys wrote the Trial Judge sending him the Motion for a Continuance and asking that a date be set for the hearing. On February 2, 1966 the Trial Judge notified the defendants’ attorneys that he would grant Toups Equipment Co., Inc. an extension of time in which to plead but denied the Motion for a Continuance without a hearing.
The petition for Writs sets forth two errors, namely:
‘T. It is well settled under the jurisprudence and specifically stated in Article 1602 of the Code of Civil Procedure that a continuance shall be granted if at the time the case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case.”
“2. It is also well settled and stated in Article 1605 of the Code of Civil Procedure that every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party.”
The return of the Trial Judge and of the plaintiffs states that the Motion for a Continuance was refused on the grounds-that when the order was signed on January 20, 1966 permitting the filing of the Third Party Demand, defendants’ counsel stated “Filing of said demand would not delay or otherwise interfere with the timely disposition of the principal demand”.
On February 7, 1966 this court signed an order for the Judge of the Lower Court to-either grant the continuance or show cause why the relief prayed for shouldn’t be granted and a stay of further proceedings in this matter until the issue could be decided.
While we appreciate the interest of the Trial Judge and the prompt and expedient trial of cases we feel that the defendants’ Motion for a Continuance should be granted.
Article LSA 1602 of the Code of Civil Procedure provides:
“ ‘A continuance shall be granted in the-following cases: * * * (2) If at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; * * *.’ ”
The defendants in their petition for & continuance alleged:
“ ‘Defendants request the continuance only to properly prepare their third party demand by discovery procedures and do not seek to unduly delay this matter.’ ”
Article LSA 1605 CCP provides as follows :
“ ‘Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party.’ ”
Our courts have recognized the fact that the District Judge has a wide discretion of granting or refusing a continuance but that discretion must be used so as not to deprive a litigant of his day in court.
*667 Since the Motion for a Continuance was denied without a hearing and there was showing made that the defendants would he deprived of their day in court and the right to properly present their defense and third party demands by the refusal to grant a continuance, we grant the Writ of Certiorari, Prohibition and Mandamus and remand the case to the Lower Court with instructions to the Trial Judge to grant a reasonable continuance in this matter as requested by the defendants.
Writs maintained and case remanded.