TATE, Judge.
This case is before us on supervisory writs. In this tort action the defendants- *466 relators complain of the trial court’s refusal to continue the jury trial of the cause scheduled for June 20, 1966. They contend that they have been effectively deprived of the opportunity to prepare their defense against the plaintiff Lindsey’s personal injury claim because of his failure to submit to a court-ordered medical examination. Upon a showing of substantial prejudice and what we felt to be an abuse of discretion in failing to continue the trial, we granted certiorari and stayed further proceedings.
This case had been fixed for jury trial on the merits on June 20, 1966 since November 10, 1965.
In earlier proceedings in this same case we annulled an ex parte order for medical examination. 179 So.2d 505 (rehearing denied by us November 17, 1965). The record reflects that on January 17, 1966 the defendants-relators moved for an examination by an orthopedic specialist, which on February 21, was granted by the trial court with instructions to counsel to agree on the physician, time, date, and place. Counsel were apparently unable to agree, since on May 13 the defendants filed a contradictory motion for examination by Dr. Moss Bannerman, an orthopedist, to be held on May 31 at 3:15 P.M.; despite opposition by the plaintiff, this motion was granted on May 23rd.
The plaintiff appeared at Dr. Banner-man’s office at the appointed time on May 31. He left I14 hours later, when the doctor had not examined him yet nor had he been told when his turn would be reached. According to the allegations of the plaintiff’s counsel, he himself did not learn of his client’s failure to remain for the examination until June 10th, nor did counsel for the defendant insurer request reexamination by Dr. Bannerman until June 13th. At all pertinent times, it is to be remembered, the trial on the merits had been scheduled for June 20th.
When contacted on June 13th, counsel for the plaintiff refused to arrange for his client to be examined by the court-appointed orthopedist, claiming difficulties of communication, the shortness of time before the trial to be held on June 20th, possible conflict with other medical re-examinations, etc. Even though (according to the pleadings) the defendants were willing to have the plaintiff examined on the very day scheduled for the trial (when both Dr. Ban-nerman and the plaintiff were in the Lafayette courtroom), counsel for the plaintiff refused to permit such examination.
We are aware, as the plaintiff suggests, that the courts should guard against belated requests for medical examinations being used as a basis for unreasonable requests for continuances of long-scheduled trials. Probably, as the plaintiff suggests, the defendants are not wholly free from lack of diligence.
Nevertheless, under all the circumstances reflected by this record, we are convinced that the plaintiff has not cooperated fully to make himself available for a court-ordered orthopedic examination to which the defendant was entitled. Due to the plaintiff’s lack of cooperation in this respect, we find that the defendants would unfairly be deprived of an opportunity to prepare their defense and to have their full day in court if they were forced to go through an expensive and time-consuming jury trial without prior orthopedic examination of the plaintiff as ordered by the court. We are convinced beyond a doubt that we would have reversed any adverse verdict because of the failure to afford the defendants either a prior medical examination or a continuance as requested by them; we have therefore determined in this exceptional instance to exercise our supervisory powers to assure a reasonable continuance.
As stated in Chedotal v. Richard, La.App. 1 Cir., 183 So.2d 665, 666: “Our courts have recognized the fact that the District Judge has a wide discretion of granting or refusing a continuance but that discretion must be used so as not to deprive a litigant of his day in court.”
*467 We hold therefore that the defendants are entitled to a continuance and, in the event examination by mutual agreement cannot be arranged, to a supplemental order that the plaintiff Lindsey submit himself to orthopedic examination by Dr. Bannerman (as earlier ordered by the trial court) at least prior to the trial of the case on the merits. See LSA-C.C.P. Art. 1602(2), providing for mandatory continuance when a party exercising due diligence has been unable to obtain evidence material to his case; also, cf. LSA-C.C.P. Art. 1513, providing for stay of proceedings until a discovery order is obeyed (although this article may not be directly applicable, there being shown no willful refusal to obey the court order).
For the reasons assigned, the trial court’s refusal to grant a continuance is set aside. This case is remanded for further proceedings not inconsistent with the views expressed herein. The plaintiff-respondent is cast with all costs of these supervisory proceedings.
Continuance granted; case remanded.