FRUGÉ, Judge.
This is an appeal from a judgment after a refusal to grant a Motion for Continuance. Plaintiff filed this workmen’s compensation suit as the widow of the deceased, Charles M. Evans, contending that he sustained an accident while working for his employer and that said accident contributed to his death.
Suit was filed on April 13, 1967, petitioner being represented by Herman I. Stewart, Jr., of DeRidder, Louisiana. On April 4, 1968, this action was asigned for trial in Leesville, Louisiana, for June 19, 1968, upon Mr. Stewart’s motion. Thereafter, a “Motion and Order for Continuance and Withdrawal of Attorney” was filed by Mr. Stewart, the same being signed by the District Judge, on June 13, 1968. This motion refixed the date of trial to September 18, 1968, and permitted Mr. Stewart’s withdrawal as counsel for plaintiff.
Not before September 16, 1968, two days prior to trial, did plaintiff retain the services of her present counsel, Mr. M. M. Evans of DeRidder. On September 17, 1968, the day before the scheduled trial date, Mr. Evans filed a “Motion, for Continuance” and mailed a copy to counsel for defendant.
On September 18, 1968, the motion was heard in open court, said Motion for Continuance being denied, and the case went to trial, after which judgment was rendered in favor of defendant rejecting the demands of plaintiff at her cost. From this judgment the plaintiff has appealed, her chief complaint being that the trial judge erred in sustaining the objection to the Motion for Continuance by plaintiff.
Louisiana Code of Civil Procedure, Article 1601, provides:
“A continuance may be granted in any case if there is good ground therefor.”
In the official comments to this article, the retention of the general discretionary power of the trial court is stressed.
In the granting of a continuance on discretionary grounds, the trial court has a large discretion which should not be disturbed on review in the absence of clear abuse. Manley v. Manley, 203 So.2d 832 (La.App.2d Cir., 1967), and citations therein.
Although the matter is one of discretion, said discretion may not be exer-ercised arbitrarily, so as to deny a continuance founded on a good faith ground, which may deprive the litigant of his day in court. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630, 631 (1935); Lindsey v. Escude, 189 So.2d 465 (La.App.3d Cir., 1966).
The record revealed that after the withdrawal from the case by plaintiff’s counsel, on June 13, 1968, plaintiff was notified that the case had been reassigned for trial on September 18, 1968. She was so advised on July 18, 1968 by formal notice sent by the Clerk of Court of Vernon Parish, and as well, her former counsel advised her of the reassignment and of the fact that she should retain another attorney.
Regardless of these notifications, plaintiff waited until August 29, 1968, before she attempted to acquire counsel to represent her, and it was not until September 16, 1968 before she ■ retained her present counsel.
*119 It seems to us that plaintiff simply did not undertake to retain counsel at a time which would have permitted an attorney time to take any steps he felt necessary in the preparation of her case. This court-cannot agree with plaintiff that her case has been prejudiced by the refusal of a continuance when the sole reason for her not being prepared is her own lack of due diligence.
Plaintiff cites two cases in support of her allegations that the trial court should have granted the continuance. Both of these cases are easily distinguishable from the facts at hand.
In the case of Chedotal v. Richard, 183 So.2d 665 (La.App.lst Cir., 1966), a continuance was granted, but there counsel requesting the continuance was extremely diligent in attempting to prepare for trial. It was the interest of the court in being too prompt and expedient that prevented him from being able to properly present his client’s defense and third party demands. Therefore, the ruling of the appeal court allowing the continuance was undoubtedly correct.
The above case concerned facts far from those in the present case. Here there is no showing of due diligence on the part of plaintiff in attempting to retain counsel who might prepare her case.
In the case of Lindsey v. Escude, 189 So.2d 465 (La.App.3d Cir., 1966), it was found that the plaintiff had refused to grant defendant a medical examination. Therefore, the refusal of the trial court to grant a continuance, we said, was an unfair deprivation of defendant’s right and opportunity to prepare their defense and to have their full day in court. For obvious reasons, this case is easily distinguishable from the one at hand.
In summary, the instant case is one in which the record establishes beyond dispute, that the plaintiff was not deprived of her day in court by the refusal of the trial court, in its wide discretion, to grant her a continuance. The plaintiff, though fully appraised of the trial date well in advance thereof, saw fit not to engage counsel to represent her until two days prior to trial. Her lack of diligence was the sole cause of her failure to present any evidence she might have cared to introduce.
It is the opinion of this court that the judgment of the trial court is free of error in law or in. fact and for that reason its judgment in defendant’s favor is hereby affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.