GUIDRY, Judge.
This is a concursus proceeding in which the plaintiff, Superior Oil Company, seeks judicial determination of the ownership of a certain sum deposited in the registry of court, which sum represents rental payments made pursuant to the terms of an oil, gas and mineral lease covering an undivided one-third (Vs) interest in a 131.33 acre tract situated in Acadia Parish. The defendants are Frank David Van Breemen, William John Tessmer, Jr. and John Wiley Mitchell. Superior Oil deposited $2,983.25 in the registry of the court, representing rental payments attributable to the disputed one-third (Vs). After trial on the merits, the district court entered a judgment recognizing Mitchell and Tessmer’s claim to the rental money as transferees of the one-third (%) undivided interest in the 131.33 acres formerly owned by Frank David Van Bree-men. From this judgment, Van Breemen has appealed. We affirm.
The dispute between defendants arises from a series of transactions occurring primarily in 1974 and 1975. The controversy as presented to the trial court, revolves around an instrument executed on July 23, 1975, purportedly conveying from appellant, Van Breemen, to appellee, Mitchell, a one-third (V3) undivided interest in the 131.33 acres, the acreage subject to Superior Oil Company’s lease.
Prior to the July 23, 1975 conveyance the 131.33 acre tract was owned by the Van Breemen brothers, William Buckley Van Breemen, Joe H. Van Breemen, and Frank David Van Breemen, who acquired the property by inter vivos donation in December, 1964.
The three Van Breemen brothers executed an oil, gas and mineral lease on the 131.33 acres to Edward P. Allis on July 12, 1975. On July 14, 1975, Allis assigned the mineral lease to Superior Oil Company.
Thereafter, the July 23, 1975 conveyance instrument was filed in Acadia Parish whereby Frank David Van Breemen’s one-third (V6) undivided interest in the 131.33 acres was transferred to appellee, Mitchell. Mitchell subsequently transferred the one-third (%) undivided property interest to William John Tessmer, Jr. by act of conveyance dated November 10, 1975.
As rental payments attributable to the one-third (V3) undivided interest became due in the summer of 1977, Superior Oil Company was presented with conflicting claims to the rentals due. Frank David Van Bree-men claimed the rental funds as owner of the one-third (V3) interest in the property, alleging that his signature to the July 23, 1975 act of conveyance to Mitchell was a forgery. John Wiley Mitchell made demand on Superior Oil Company for the rental payment based upon an alleged assignment of income from the property by William John Tessmer, Jr. to him. Tessmer made demand for payment of the rental based upon the act of conveyance dated November 10, 1975. Being uncertain as to the ownership of the interest in question and of the right to the rental payment, Superior Oil Company provoked the concur-sus proceeding.
The concursus suit was filed July 12, 1977. On that same date, Lawrence G. Pugh, Jr. was appointed counsel for Mr. Van Breemen, a non-resident. The first trial date was set February 1,1978 for May 25, 1978. On May 1, 1978 a motion for continuance was filed on behalf of Van Breemen on the grounds that a Texas proceeding had rendered judgment on the subject matter of the present suit and an appeal was then pending in Texas. The trial court granted Van Breemen’s motion and the trial was continued until October 24, 1978. On that date, October 24, Van Bree-men appeared with counsel Lawrence G. Pugh, Jr., ready for trial, however, at that *446 point Mr. Pugh withdrew as counsel for Mr. Van Breemen and the trial court continued the trial for a special fixing on November 20,1978. Mr. Van Breemen was specifically advised by the court that he should immediately secure representation and be prepared for trial of this matter on the scheduled date of November 20,1978. Mr. Van Bree-men thereafter retained the services of Mr. Kenneth W. Dejean. On November 16th Mr. Dejean, on behalf of Van Breemen, filed a motion to continue the trial fixing of November 20, 1978. On November 20, Attorney Dejean appeared to represent Van Breemen, however, Van Breemen was absent. The trial was then rescheduled for the next day, November 21. On November 21, the trial court heard and denied the motion for a continuance filed by Mr. Deje-an. The matter was then tried on its merits with Mr. Van Breemen present and represented by his attorney, Mr. Dejean, resulting in the judgment appealed from.
Appellant has presented two issues for our determination:
(1) Did the trial court commit reversible error in refusing to grant Van Breemen’s motion to continue the trial; and, if the denial was proper,
(2) Did the trial court err in finding Van Breemen to have validly transferred his Vi undivided interest in the tract to Mitchell by rejecting Van Breemen’s defense that the deed from himself to Mitchell was a forgery?
MOTION FOR CONTINUANCE
Appellant, Van Breemen, alleges that error was committed by the trial court by denying a contradictory hearing on his motion for continuance as required by Article 1605 of the Code of Civil Procedure which provides:
"Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party.”
The record reflects that the district court ordered issuance of a rule nisi on the motion to continue to be heard on November 20, 1978. The record shows that nothing could be heard on November 20, 1978 because Van Breemen was absent without excuse. On the next day, the trial court after considering evidence presented by Van Bree-men in support of his motion denied same.
In brief counsel for Van Breemen urges that the hearing on the motion for a continuance was not a “true contradictory hearing”, the denial of which constituted error. The record indicates otherwise.
As to the merits of the motion for continuance, Van Breemen alleges error in the refusal of the trial court to grant a continuance based on both peremptory grounds contained in LSA-C.C.P. Article 1602 and on discretionary grounds contained in LSA-C.C.P. Article 1601, which provide:

Article 1601:

“A continuance may be granted in any case if there is good ground therefor.” Article 1602:

“A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance. ”

The peremptory grounds urged by Van Breemen are the inability to produce certain witnesses to the signing of the instrument executed on July 23, 1975; the inability to produce testimony of two handwriting experts; and, the inability to produce certain exhibits and transcripts of another proceeding. The inability to produce or obtain this evidence was due, according to Van Breemen, to the insufficiency of time to review and obtain this evidence. The “time to review and obtain” the evidence has been portrayed by appellant, Van Breemen, in his brief, as the week preceding the November 20, 1978 trial date.[1] Indeed, if these were the only facts pertinent to the motion for continuance, then perhaps the motion would be meritorious. How *447 ever, a look to the record reflects the actual procedural setting. It is evident from the record that Van Breemen had not just a week to confer and prepare for trial with benefit of counsel, rather Mr. Van Breemen had over a year to get ready for trial. It is a specious argument to assert that Mr. Van Breemen did not have an opportunity to meet and confer with counsel until November 13,1978, a mere week before the special fixing of the trial date. It is true, it was at that time in which representation by Mr. Dejean was acquired, but the fact remains, Van Breemen had been aware of the litigation, represented by an attorney for more than a year in this matter, and was ready for trial on October 24, 1978.
Submitting, arguendo, that the evidence Van Breemen sought to obtain was material to his case, appellant, Van Breemen, gave no showing of due diligence in acquiring either witnesses or other evidence for trial.
Van Breemen did not move to continue the case prior to the trial of October 24, 1978. Van Breemen apparently did not need additional depositions or documentary evidence on the morning of October 24, and was prepared to go to trial until his counsel withdrew from the case. When questioned by the court on trial of the merits, Van Breemen stated that no arrangements had been made to have witnesses present for the trial date of October 24,1978, nor were any then present.
One witness, Michael John Sutton, who Van Breemen stated was material to his case, beyond the subpoena power of the court, and unavailable, but was not deposed, did in fact testify. It is noteworthy that Mr. Sutton testified against Van Breemen’s cause, i. e., that Van Breemen in fact signed the instrument of conveyance on July 23, 1975.
It is clear from the record that at the hearing on the motion for continuance Van Breemen failed to establish his right to a continuance pursuant to the provisions of LSA-C.C.P. Article 1602.
The granting of a continuance on grounds other than those listed in LSA — C. C.P. Article 1602 rests within the sound discretion of the trial court. LSA-C.C.P. Article 1601. This oft-stated rule was reaffirmed in Sauce v. Bussell, 298 So.2d 832 (La.1974), quoting Justice Marcus:

“It is a-well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of clear showing of abuse of that discretion. Article 1601 C.C.P.; Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). While recognizing the much discretion which is vested in a trial judge in the matter of granting or refusing continuances, it has never been held that such discretion is absolute or that it may be exercised arbitrarily. This Court is vested with the right and duty to correct such errors by the trial judge in matter of this kind. However, it should be pointed out that appellate courts only interfere in such matters with reluctance and in what are considered extreme eases. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630 (1935); Lindsey v. Escude, 189 So.2d 465 (La.App.1966); Chedotal v. Richard, 183 So.2d 665 (La.App.1966).”

We agree and find that the trial court in this instance did not abuse that discretion. We find no merit to this assignment of error.
ON THE MERITS
The question on appeal on the merits is whether appellant validly transferred the property interest in question. The issue revolves around the validity of the act of conveyance dated July 23, 1975, recorded in Book P-33, page 164, under original act number 424638 of the Clerk of Court’s office of Acadia Parish, Louisiana.
Appellant asserts that his signature appearing on this instrument is a forgery. In disposing of this issue the trial court stated in oral reasons as follows:

“. . . Frank D. Van Breemen alleges in his pleadings that the instrument purportedly conveying the property to John Wiley Mitchell is fraudulent and that the 
*448
signature on said instrument was a forgery. Testimony was introduced of Mr. Van Breemen wherein he denied having signed the instrument in question, however, the Mitchell/Tessmer interest presented the testimony of two experts, Lyndai L. Shaneyfelt and Dale Stobaugh, both of whom were qualified as Examiners of Questioned Documents. Their testimony, based upon exemplars of Frank D. Van Breemen’s signature and compared with the signature of the alleged forged instrument, was that the signature thereon was in fact the genuine signature of Frank D. Van Breemen.

The Court, based on the evidence before it, has no hesitancy in ruling that in fact the instrument conveying title to the property in Acadia Parish from Frank D. Van Breemen to John Wiley Mitchell is genuine; that the signature thereon is in fact the signature of the said Frank D. Van Breemen. . .

The trial court’s finding on an issue of fact is entitled to great weight and- should not be disturbed on appellate review absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We have carefully reviewed the record in this case, in light of the settled principles above set forth, and conclude that it affords clear and convincing proof supporting the judgment rendered by the trial court.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant, Frank David Van Breemen.
AFFIRMED.

. Van Breemen according to the record first contacted Mr. Dejean on November 10, 1978.