MARVIN, Judge.
In this medical malpractice action allegedly arising out of the 1976 wrongful death of her son, a non-resident plaintiff appeals a judgment dismissing her action without prejudice because she failed to prosecute on the date it was set for jury trial. CCP 1673.
Plaintiff appeals, contending that the trial court abused its discretion in denying her motion for a continuance filed in proper person on the trial date. CCP 1601. We affirm.
Plaintiff’s action was filed in 1980 after a medical review panel had been established and reported its decision unfavorably to plaintiff on May 16, 1980. LRS 40:1299.47.
Plaintiff’s original attorney died on August 19,1981. Thereafter, plaintiff and her Indiana attorney contacted a Shreveport law firm who investigated and eventually offered to represent plaintiff in the action for a fixed retainer. During this period, defendants’ counsel caused the case to be fixed for trial on January 4,1982. Plaintiff was notified of this in a letter from the Shreveport firm that she earlier consulted. This letter, dated December 10, received by plaintiff on December 18, 1981, reads in part:
“Again, attorney for the defendants ... is ... anxious to bring this case to a head, and has set the case for trial the week of January 4, 1982. We would advise you to immediately contact other local counsel, who may be able to handle this matter under a different retainer arrangement than we propose.
“We appreciate being given the opportunity to examine the file, and wish you the best of luck in this litigation.”
At the hearing on the motion for continuance, plaintiff did not contest the statement of defendants’ counsel that plaintiff was informed by his letter mailed to her on November 10, 1981, that thé case was fixed for trial on January 4, 1982. In her motion for continuance, filed on January 4, 1982, *1160 the date the case was called for a trial by jury, the plaintiff sought 60 days to hire an attorney. Plaintiff certified that she had mailed a copy of the motion to defendants’ counsel on December 24, 1981.
At the January 4,1982 hearing on the motion for continuance, the trial court observed:
“There is question as to the facts. I will state my understanding of this matter and the basis of my ruling. This matter was set for pre-trial, as we normally do on matters such as this, jury trial. I personally informed the plaintiff in this case of the fact that it was set for pre-trial, gave her an opportunity to appear or retain counsel. At that time I was contacted by a lawyer in Indiana and told that Mr. Bain was being consulted about being enrolled as counsel in this ease.
“Mr. Bain, I had an opportunity to talk to you prior to this time. What I said very clearly was unless a motion was filed by the 28th of December that I was not going to allow a continuation. No motion has been filed by the 28th, and because of that I believe I have given the plaintiff every opportunity to have counsel enrolled by that time.
“The defendant is ready to proceed. The matter is a case of longstanding in the court. This motion for continuance comes too late. I informed her; I informed Mr. Bain; I informed the lawyer in Indiana, that if the motion came on the day of trial, I was not going to grant it. And this, in fact, is what has occurred. So your motion for a continuance is denied.”
It has been held that the withdrawal of litigant’s attorney on the day of the trial without previous notice is good grounds for a continuance. Marpco, Inc. v. South States Pipe & Supply, 877 So.2d 525 (La.App.3d Cir.1979). On the other hand, a motion for a continuance made on March 20 in an action set for trial on March 24 was denied where the litigant attorney withdrew some six months before. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App.3d Cir.1975), writ refused. Obviously, each case concerning a continuance must be determined by its own circumstances.
The trial court must have authority to control and move its docket. Every litigant, plaintiff or defendant, must have the right to have the litigation in which they are respectively involved, tried and concluded. For these reasons, the trial court is recognized to have discretion in granting and denying continuance. St. Mary v. Duhon, 254 So.2d 924 (La.App.3d Cir.1971).
Here, the trial court’s statement is not refuted that the plaintiff, her Indiana counsel, and the counsel who appeared for her solely at the motion for continuance, were told before December 28, 1981, that a motion for continuance filed on that date would be granted and that a motion filed on the trial date would be denied.
In view of the circumstances that this case had been long pending and that it was fixed for trial (at defendants’ request) by jury (at plaintiff’s request), we do not find that plaintiff has shown an abuse of discretion. She apparently elected to wait until the trial date to file the motion and did not offer any explanation why she did not comply with the trial court’s instructions about timely filing the motion for continuance.
At appellant’s cost, judgment is AFFIRMED.