423 So.2d 79 (1982)
Mrs. Caroline ARMSTRONG, et al.
v.
STATE FARM FIRE AND CASUALTY COMPANY, et al.
No. 82 CA 0177.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*81 J.D. DeBlieux, DeBlieux & Hurder, Baton Rouge, Lawrence W. Bell Attaya & Bell, Gonzales, for plaintiffs, appellants.
Frank A. Fertitta, Lane & Clesi, Baton Rouge, for defendants and appellees.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
On September 18, 1975, Caroline Armstrong (plaintiff) attended a funeral at Ourso Funeral Home in Duplessis, Louisiana. As she left the funeral home, she fell at the threshold of the front door. She and her husband, John Armstrong, filed suit on September 17, 1976, against Ourso Funeral Home, Inc., and its insurer, State Farm Fire and Casualty Company (defendants) for damages resulting from the fall.[1] The trial date was set for July 30, 1980. On July 22, 1980, counsel for plaintiff filed a motion for continuance, which was denied after a hearing. The case went to trial, and the trial judge ruled in favor of defendants, dismissing plaintiff's case.
Plaintiff asserts that the trial judge erroneously (1) refused to grant a continuance, (2) refused to hold the trial open for the testimony of additional fact witnesses, and (3) found defendants free from liability for the injuries resulting from the fall.
Article 1602 of the Louisiana Code of Civil Procedure specifies the peremptory grounds for a continuance:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
The mover bears the burden of proving that his motion falls within these peremptory grounds. Williams v. Fontane, 175 So.2d 686 (La.App. 1st Cir.1965). In order for La.C.C.P. art. 1602 to be applicable, certain conditions must be met: (1) either the party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining material evidence, Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980), or (2) a material witness must have absented himself contrary to the arrangement made by the party for the witness to appear. Loicano v. Maryland Casualty Insurance Co., 301 So.2d 897 (La.App. 4th Cir. 1974). Plaintiff made no showing that witnesses were absent contrary to her wishes or that the testimony they would have given was material.
Plaintiff asserts that a continuance should have been granted because three witnesses, Dempsey Pendarvis, Raymond Pendarvis, and Melody Picou, failed to appear at trial. Raymond Pendarvis apparently resides in Texas, outside the subpoena power of the trial court. Subpoenas were apparently issued for Dempsey Pendarvis and Melody Picou, but were not served. However, none of these absent witnesses actually saw plaintiff fall. No factual showing was made that their presence was necessary to resolve this controversy. In addition, Melody Picou was going to testify about subsequent repairs that allegedly *82 were made three weeks after the fall. Assuming, arguendo, that such corrective measures were taken, post-accident changes are not admissible to show negligence. Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ denied, 392 So.2d 690 (La.1980). A trial judge must always consider the effect a continuance would have on the administration of justice. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3d Cir.1975), writ denied, 329 So.2d 458 (La.1976). We do not find that injustice has resulted in this case.
While the inability to obtain material evidence is a mandatory ground for continuance, due diligence must be shown. Superior Oil Co. v. Van Breemen, 378 So.2d 444 (La.App. 3d Cir.1979), writ denied, 379 So.2d 1101 (La.1980). The trial judge felt that no adequate showing of due diligence had been made. Approximately three and one-half years had elapsed between the filing of suit and the date set for trial. The unavailable witnesses were not subpoenaed until the motion for continuance was denied. The trial judge stated that the proper approach was to "subpoena the people and then you ask for the continuance; and if you don't get the continuance, you have the people."
An additional ground for granting a continuance is stated in La.CCP art. 1601:
"A continuance may be granted in any case if there is good ground therefor."
Under this article, a continuance rests within the sound discretion of the trial court. Appellate courts only interfere in such matters with reluctance and in extreme cases. Superior Oil Co. v. Van Breemen, supra. A line has to be drawn somewhere, and a trial date has to be set. A trial judge has the inherent power to take reasonable actions to control his docket. Sather v. White, supra. We do not find that the trial court abused its discretion in denying the continuance.
Plaintiff asserts that the trial judge erroneously refused to hold the case open for the testimony of additional fact witnesses. The decision to hold open or reopen a case for the production of additional evidence is within the sound discretion of the trial judge, and his decision will not be disturbed unless he abused his discretion. Baltzar v. Missouri Pac.R.R., 406 So.2d 324 (La.App. 3d Cir.1981). We are unable to find an abuse of discretion by the trial judge in refusing to hold the case open under these circumstances. If the case had been left open for the plaintiff to introduce additional testimony, defendants would have been placed at a disadvantage, since the defense had already revealed its entire case.
Plaintiff also appeals the trial judge's decision on the merits of the case. The owner of a business establishment must keep his floor and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. Jones v. Recreation and Park Commission, Etc., 395 So.2d 846 (La.App. 1st Cir. 1981), writ denied, 400 So.2d 1379 (La. 1981). However, plaintiff has the burden of proving by a preponderance of the evidence that a premise hazard caused her fall and her injuries. Johnson v. Ins. Co. of North America, 360 So.2d 818 (La.1978). The testimony given at trial reveals that a substantial controversy existed regarding the description of the doorway. Mr. Thomas Moore, the manager of the Ourso Funeral Home, and Willie Wyble, its general manager, testified that at the base of the doorway was an aluminum threshold approximately four inches wide and about half an inch tall, with tapered edges on both sides. The photographs in evidence substantiate their descriptions. They also testified that said threshold had not been changed or remodeled in any way. In contrast, plaintiff said that the threshold was not beveled at the time of the accident, and that her foot got caught on the aluminum threshold. Plaintiff asserts that one side of the threshold was changed after the accident, while Moore testified that the threshold was one solid piece, making it impossible to replace one part and not the other. When a conflict in testimony exists, reasonable evaluations of credibility and inferences of fact should not be disturbed on review absent *83 manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The trial judge concluded that defendants were free from liability for the injuries resulting from the fall. This conclusion, supported by competent evidence, is not manifestly erroneous. We affirm the trial court's decision at plaintiff's costs.
AFFIRMED.
NOTES
[1] When suit was filed, La.C.C.P. art. 686 provided that the husband was the proper plaintiff, during the existence of the community, to sue to enforce a community right. Mr. Armstrong was a plaintiff only because he was the proper party plaintiff to sue for the medical bills. He was not a witness to the accident. He was unable to attend trial because of illness, and Mrs. Armstrong asked for a continuance which was denied. Defense counsel agreed to allow his deposition to be taken at a later time and submitted as testimony. Mrs. Armstrong was not prejudiced by her husband's absence at trial. Because provision was made for the submission of his deposition, his inability to be present at trial did not necessitate a continuance.