499 So.2d 479 (1986)
Jackie SHIELDS, Plaintiff-Appellant,
v.
Jerry CRUMP and Aetna Life and Casualty Company, Defendants-Appellees.
No. 18172-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
Writ Denied January 30, 1987.
Culpepper, Teat, Caldwell & Avery by James D. Caldwell, Jonesboro, for plaintiffappellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for defendants-appellees.
Before HALL and LINDSAY, JJ., and HEARD, J. Pro Tem.
HALL, Chief Judge.
In this personal injury action arising out of an automobile accident, plaintiff, Jackie Shields, appeals a judgment in favor of defendants, Jerry Crump and his insurer, Aetna Life and Casualty Company, dismissing her action after the trial court denied her motion for a continuance and she proceeded to trial unrepresented by counsel. The sole issue on appeal is whether the trial court abused its discretion in refusing to grant plaintiff's motion for a continuance. For the reasons expressed herein, we reverse.
Suit was filed on February 1, 1984, plaintiff being represented by John Morneau. Settlements were made between plaintiff and the liability insurer of her mother, who was driving plaintiff's car at the time of the accident, and between plaintiff and her own liability insurer. Thereafter, plaintiff *480 fired Morneau, apparently over a dispute concerning his charges, and his subsequent motion to withdraw as her attorney was filed and granted by the court on April 8, 1985. On July 31, 1985 trial was assigned for December 9, 1985. Plaintiff was served with notice of this order on August 1, 1985.
Not until December 5, 1985, four days prior to trial, did plaintiff retain the services of James Caldwell. At trial, Mr. Caldwell enrolled as counsel and made an oral motion for continuance. Evidence was presented that plaintiff had experienced difficulty in obtaining her file from Mr. Morneau and that she had talked to ten or eleven attorneys before Mr. Caldwell agreed to take her case. The motion for continuance was denied. Unable to represent his client adequately, Mr. Caldwell promptly withdrew as counsel. Plaintiff proceeded to present her evidence in proper person and at the conclusion of her testimony, the court granted a motion by defendants for an involuntary dismissal.
On appeal, plaintiff contends that the trial court abused its discretion in refusing the continuance under LSA-C.C.P. Art. 1601 which provides:
Art. 1601. Discretionary Grounds.
A continuance may be granted in any case if there is good ground therefor.
Plaintiff contends the jurisprudence under Article 1601 demands reversal when denial of a continuance deprives a litigant of his day in court. She relies principally on the decision of this court in Halley v. Halley, 457 So.2d 108 (La.App.2d Cir.1984), writ denied, 461 So.2d 316 (La.1984).
Plaintiff argues a continuance should have been granted because Mr. Morneau, the attorney who initially filed suit on her behalf and later withdrew, refused to return her file despite repeated requests. She also claims to have contacted eleven attorneys before retaining James Caldwell, the attorney who appears as her counsel on appeal.
In Halley v. Halley, supra, defendant's counsel withdrew on October 6, one day prior to trial. The matter had been originally assigned for trial on July 18 but numerous continuances delayed the scheduled trial date until October 7. Defendant's oral motion for continuance made on the day of trial was denied. The trial proceeded with defendant unrepresented. In reversing the trial court's decision, we found the refusal to grant a continuance effectively deprived defendant of her day in court. The Supreme Court denied writs.
Several cases have dealt with the issue of whether a trial court abused its discretion in denying a motion for continuance after the litigant's attorney had withdrawn at some point in the proceedings. In Evans v. Travelers Ins. Co., 220 So.2d 117 (La.App. 3d Cir.1969), plaintiff's original attorney withdrew in early June and trial was reset for mid-September, a period in excess of three months. Two days before trial, plaintiff retained new counsel. The next day, her new attorney filed a written motion for a continuance which was denied. Noting plaintiff's lack of diligence in engaging new counsel to represent her, the Third Circuit affirmed the trial court's refusal to grant a continuance.
In Barham v. Barham, 337 So.2d 289 (La.App.2d Cir.1976), writ denied, 340 So.2d 315 (La.1976), defendant's attorney withdrew on May 30, twelve days before her June 11 trial date. On June 9, opposing counsel and defendant, in proper person, appeared at a pretrial conference. At trial, defendant's oral motion for a continuance was denied and the case moved forward. When court resumed the following day, a new attorney enrolled as counsel for defendant. A written motion for continuance was filed and granted. The case was continued until June 19 whereupon defendant's attorney made a motion to begin the trial anew, which was denied, but her new attorney was permitted to recall any witness who had previously testified. This court affirmed the trial court's refusal to grant defendant's original motion for a continuance and writs were denied by the Supreme Court.
*481 In Lambert v. Heirs of Adams, 325 So.2d 331 (La.App.3d Cir.1975), writ denied, 329 So.2d 458 (La.1976), plaintiff's original attorney withdrew in August, 1974, over one and a half years after suit was filed. In September, trial was fixed for the following March. Plaintiff, aware of the trial date, contacted another attorney to represent him in January of 1975. Plaintiff's new attorney apprised defendant's attorney of his intent to move for a continuance three days prior to trial. Based upon these facts, the trial court denied plaintiff's written motion for a continuance and this decision was affirmed by the Third Circuit. Writs were denied by the Supreme Court.
In Katz v. Melancon, 467 So.2d 1284 (La.App. 4th Cir.1985), defendant was notified in late June, seven months in advance, that the case was set for trial in the following February. On the date of the trial, defendant arrived late and moved for a continuance upon learning the proceedings had begun in his absence. The trial court's refusal to grant a continuance was affirmed on appeal.
In two relatively recent cases involving somewhat similar circumstances, this court affirmed rulings of the trial court denying continuances. In Roland v. Tedesco, 421 So.2d 1158 (La.App.2d Cir.1982), reversed 426 So.2d 175 (La.1983), plaintiff's original attorney died in August and she was notified in December that the case was set for trial in the following January. She failed to file a motion for continuance within a deadline set by the court and her motion for a continuance made on the date of trial was denied, resulting in dismissal of the suit for failure to prosecute. The Supreme Court summarily granted writs and reversed, with the following statement:
Granted. The judgment dismissing plaintiff's suit is set aside, because of an abuse of discretion in denying a continuance. The suit is reinstated.
In Brown v. Louisiana State Medical Center, et al, 468 So.2d 40, an unpublished opinion rendered April 3, 1985, reversed 472 So.2d 909 (La.1985), plaintiff's attorney withdrew on March 23 and plaintiff was given 15 days to secure new counsel. In early May the case was set for trial on June 1. Plaintiff's oral motion for a continuance made on the day of trial was denied. After plaintiff presented his case in proper person, defendant's motion for involuntary dismissal was granted. The Supreme Court again summarily granted writs and reversed, with the following statement:
Granted. Judgment of Court of Appeal is reversed. The judgment dismissing plaintiff's suit is set aside, because of an abuse of discretion in denying a continuance. The suit is reinstated. See Roland v. Tedesco, 426 So.2d 175 (La.1983).
We read these Supreme Court decisions to strongly indicate that a trial court's discretion should usually be exercised in favor of granting a continuance to a plaintiff who is no longer represented by counsel so as to afford the plaintiff an additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. In the two cited cases, as in the present case, the plaintiff had not previously been granted a continuance and there was no indication of any significant prejudice to the defendant or to the court schedule if a continuance were to be granted.
In the present case, plaintiff was clearly less than diligent in obtaining new counsel. On the other hand, there was evidence that she made numerous attempts, without success, to get her file from her previous attorney and that she contacted ten or eleven attorneys, also unsuccessfully, before she was finally able, a couple of days before the trial date, to find an attorney who would handle her case.
Under these circumstances, and following the precedent established in the Roland and Brown cases, we hold that the trial court in the present case abused its discretion in denying the continuance. Plaintiff was unprepared and incapable of presenting her case in proper person. The judgment granting defendants' motion to dismiss must be reversed and set aside.
*482 The judgment of the district court dismissing plaintiff's suit is reversed and set aside and the case is remanded to the district court for further proceedings. Costs of the appeal are assessed to the defendants-appellees.
REVERSED AND REMANDED.