liGASKINS, Judge.
The defendant, Jon Jarred Walker, appeals a decision by the trial court denying his motion for continuance in this child custody dispute. For the reasons that follow, we reverse and vacate the trial court judgment and remand to the trial court for a new trial.
FACTS
Jon Jarred Walker and Phyllis Ann Aulds lived together for several years and are the natural parents of the minor child whose custody is at issue here. Mr. Walker and Ms. Aulds never married. The child, Elijah Jake Walker, was born on April 7, 1994 in Baton Rouge, Louisiana. The parties later moved to Ouachita Parish. Relations between Mr. Walker and Ms. Aulds deteriorated and they ceased living together. On July 19, 1995, Mr. Walker filed a rule to set *422 custody, seeking a joint custody arrangement in which he would be granted primary eusto-dy of the minor child, subject to reasonable visitation by the mother. Mr. Walker was represented by counsel at this time, but Ms. Aulds was not. On August 1, 1995, the parties, by stipulation, agreed to a judgment awarding primary custody to Mr. Walker, with Ms. Aulds having custody during certain specified periods. Notarized verifications by the parties accompanied the stipulated judgment, indicating that each parent had read and understood the settlement and believed that the settlement would serve the best interests of the minor child.
On August 23, 1995, Ms. Aulds filed a petition to change custody. She asserted that her consent to the stipulated judgment was coerced, and that if she had been represented by counsel, she would not have agreed to the custody award. She sought primary .custody of the child, child support, and a contempt judgment against Mr. Walker for failure to allow her visitation. The court set a hearing date of December 11, 1995. However, the citation for this action was returned unserved on August 29, 1995, stating that Mr. Walker had moved and the sheriff Rcouid not find him, after diligent search and inquiry. On September 29, 1995, Mr. Walker’s attorney filed a motion and order to withdraw. The motion stated that Mr. Walker was “no longer in need of the services” of the attorney. Mr. Walker claimed that he did not know about the rule to change custody at the time his attorney withdrew. .
In November 1995, Ms. Aulds filed an amended and supplemental petition to change custody in which she was joined by her natural parents, Vicki Sullivan and Royce Aulds. The amended petition requested that either Ms. Aulds, jointly with her natural parents, be granted custody of the minor child or, alternatively, that Ms. Aulds’ natural parents be granted custody.[1] This petition, like the original petition, was set for hearing on December 11,1995.
On the day of the hearing, Mr. Walker appeared in court without counsel and requested a continuance. He argued that he had not been served until December 7, 1995, only four days prior to the hearing, and had not had time to obtain counsel. He also stated that he was led to believe by the plaintiffs that the case was going to be dropped. Upon inquiry by the court, Mr. Walker stated that Ms. Aulds had been in jail and in a drug detoxification program and her mother, Vicki Sullivan, told him that she was not going to have anything to do with the case. According to the defendant, Mrs. Sullivan also stated that Royce Aulds felt the same way. Because of these factors, he did not think the plaintiffs intended to pursue the matter.
Ms. Auld’s attorney stated that Mr. Walker came to his office on November 13, 1995, twenty-eight days prior to the hearing. The attorney stated that Mr. Walker knew the hearing was scheduled, that this was a contested matter hand that Mr. Walker came with the notion of reaching a settlement. According to Ms. Aulds’ attorney, it was apparent “within about one minute” that no settlement was possible.
The court determined that Mr. Walker did not have actual custody of the child at the time of the hearing, having left the child with Vicki Sullivan during the summer. Shortly before the hearing, Mrs. Sullivan returned the child to Ms. Aulds, who lived with her father, Royce Aulds, and his family. The court stated that if the child had been in Mr. Walker’s actual custody, a continuance would have been granted. However, since the child was in the actual custody of Ms. Aulds, the court ruled that the hearing would proceed, the defendant would be allowed to cross examine and the trial court would assist in questioning witnesses. The defendant stated, that he did not have any witnesses on his behalf because he thought he would be allowed a continuance. The trial court proceeded with the hearing and ruled adversely to Mr. Walker, finding that joint or sole custody to the minor’s parents would result in substantial harm to the child. The court granted joint custody of the child to the maternal grandparents, Vicki Sullivan and Royce Aulds, with reasonable visitation to be exercised by Mr. Walker and Ms. Phyllis *423 Aulds. Mr. Walker retained counsel and appealed, asserting that the trial court erred in denying his motion for continuance.
LAW
Under the provisions of La.C.C.P. art. 1601, a continuance may be granted in any case if there is good ground thei’efor. It is well settled that the trial court has great discretion in granting or denying a motion for a continuance under this provision and the trial court’s ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). However, an abuse of discretion occurs when such discretion is ^exercised in a way that deprives a litigant of his day in court. Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.1984), writ denied 461 So.2d 316 (La.1984).
The trial court must consider the particular facts of each ease in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the other litigants’ corollary right to have the case heard as soon as practicable. The trial court must also weigh the condition of the trial docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Gilcrease v. Bacarisse, 26,318 (La.App. 2d Cir. 12/7/94), 647 So.2d 1219, writ denied 95-0421 (La.3/30/95), 651 So.2d 845. Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, a party is not entitled to indefinite continuances simply because he is unable to obtain counsel. Gilcrease v. Bacarisse, supra.
In Shields v. Crump, 499 So.2d 479 (La.App. 2d Cir.1986), this court reversed a trial court judgment refusing a continuance in a personal injury case. The suit was filed on February 1, 1984. In April 1984, the plaintiffs attorney was allowed to withdraw, and in July 1985, trial was set for December 9, 1985. Four days prior to trial, on December 5, 1985, the plaintiff retained the services of an attorney. The attorney enrolled as counsel on the day of trial and made an oral motion for continuance. After evidence was presented indicating that the plaintiff had experienced difficulty in obtaining her file from her former counsel and had talked to a number of attorneys before finding one who would agree to take her case, the motion for continuance was denied. The plaintiffs attorney promptly withdrew as her counsel and plaintiff proceeded to represent herself unsuccessfully. The trial court granted the defendant’s motion for involuntary dismissal at the conclusion of the plaintiffs testimony. This court reversed the Rtrial court’s denial of a continuance, based upon two second circuit decisions summarily reversed by the Louisiana Supreme Court. The first of these was Roland v. Tedesco, 421 So.2d 1158 (La.App. 2d Cir.1982), reversed, 426 So.2d 175 (La.1983). In that case, the plaintiffs original attorney died in August and the plaintiff was notified in December that her case was set for trial the following January. The trial court set a deadline for filing a continuance, which plaintiff missed, and her motion for continuance made on the day of the trial was denied. As a result, her suit subsequently was dismissed for failure to prosecute. After this court affirmed the trial court’s refusal of a continuance, the Louisiana Supreme Court summarily granted writs and reversed, finding an abuse of discretion in denying the continuance.
The unpublished opinion of this court in Brown v. Louisiana State Medical Center, et al, 468 So.2d 40 (La.App. 2d Cir.1985), reversed, 472 So.2d 909 (La.1985), was also discussed in Shields, supra. In Brown, plaintiffs counsel withdrew in March and the plaintiff was given 15 days to secure new counsel. In early May, the ease was set for trial on June 1. On the day of the trial, plaintiff orally moved for a continuance, claiming he was not represented by counsel. The trial court denied the motion. Plaintiff represented himself, resulting in an involuntary dismissal. Once again, this court’s affir-mance was summarily reversed, finding an abuse of discretion in denying the continuance and citing Roland v. Tedesco, supra.
Given the Louisiana Supreme Court’s summary reversals in Roland and Brown, this court in Shields held that the trial court *424 abused its discretion in denying the continuance. This court reasoned.that the decisions in Roland and Brown strongly indicate that a trial court’s discretion ordinarily should be exercised in favor of granting a continuance to a plaintiff who is no longer represented by _ [ jjCounsel. The continuance affords such a plaintiff additional opportunity to obtain counsel and have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. See Shields v. Cnimp, supra. In Shields, this court also observed that in Roland, Brown, and Shields, the plaintiff had not previously been granted a continuance and there was no indication of any significant prejudice to the other party or the court schedule if a continuance were to be granted.
DISCUSSION
In the present ease, Mr. Walker was unrepresented by counsel, and had not previously sought a continuance. Furthermore, given the date upon which Mr. Walker was served with the pleadings, even if he was aware of the upcoming trial date through other means, he was no less diligent, and may well have been more diligent in trying to obtain counsel, than the plaintiffs in Roland, Broivn, and Shields, supra. There is no indication that significant prejudice would have occurred to Ms. Aulds or her natural parents if the continuance had been granted. We recognize that the trial court based its decision to deny a continuance, in part, upon concern for the well being of the minor child, in light of allegations of drug abuse on the part of both Mr. Walker and Ms. Aulds. However, the trial court had means available for protecting the child other than forcing Mr. Walker to proceed unrepresented in this child custody litigation. The record also shows that Mr. Walker, as a lay person, was not able to properly defend himself or present his case. Although the trial court attempted to assist Mr. Walker at trial, the assistance of a neutral magistrate is not an adequate substitute for the zealous representation of an advocate envisioned by our legal system.
CONCLUSION
For the reasons set forth above, we find that the trial court abused its discretion in refusing the defendant’s request for a continuance. Accordingly, the | judgment of the trial court is hereby vacated, and the matter is remanded to the trial court for a new trial. However, given the time that has elapsed since the trial court’s judgment changing custody, and the nature of the allegations and evidence presented, our action in vacating and reversing the judgment below and remanding for a new trial should not be construed as requiring an immediate change of actual custody prior to a hearing. Considering the paramount importance of the best interest of the child, the trial court may take whatever action it deems necessary to protect the child’s best interest during the pen-dency of this litigation, which is to be conducted as expeditiously as possible. Costs are assessed to plaintiffs, Phyllis Aulds, Royce Aulds and Vicki Sullivan.[2]
REVERSED, VACATED AND REMANDED FOR NEW TRIAL.

. Phyllis Aulds' natural parents are divorced and both are remarried.

. We note that, even though Mr. Walker was the original plaintiff in this proceeding, Ms. Aulds filed her petition for change of custody as plaintiff, but under the original suit number in the trial court. For purposes of this opinion, the plaintiffs are Phyllis Aulds, Royce Aulds and Vicki Sullivan. The defendant is Jon Jarred Walker.